## AUSTIN BROS. v. PATTON et al.
### (No. 7950.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 30, 1920. Rehearing Denied
Dec. 22, 1920.)

**1. Counties ⬅170(3)—Answer in suit against county on road warrants setting up violation of Constitution by commissioners held good against general demurrer.**

In an action on county road warrants, an answer that the materials for which the warrants were issued were purchased with the intention on the part of the commissioners' court to create debts against the county to be paid out of funds which might come into the hands of the county treasurer for future years in contravention of Const. art. 11, § 7, providing that no debt shall be incurred by a county unless provisions are made at the time of creating the same for levying a sufficient tax *held* to set up a good defense as against plaintiff's general demurrer.

**2. Counties ⬅170(3) — Answer in suit on county road warrants held to set up good defense.**

In an action on county road warrants issued from materials, an answer setting up that the materials were sold to the county in view of a special road law and subject to its provisions, and that plaintiff knew that such materials were to be used in certain designated road districts which were not districts from the funds for which plaintiff attempted to recover, *held* to set up a good defense.

**3. Counties ⬅152—When county may create valid debt without complying with constitutional requirements as to mode of payment stated.**

A valid debt may be created by a county without complying with Const. art. 11, § 7, requiring that it provide for payment at the time it is created where it has a fund on hand under its control from which it contemplates the debt shall be paid, though it was not in fact paid therefrom.

**4. Counties ⬅170(4)—Burden of proving that county road warrants were issued in contravention of Constitution held upon defendants.**

In an action on county road warrants, defendants, in order to take advantage of a defense that the warrants were issued in contravention of Const. art. 11, § 7, requiring provision for payment to be made at the time the warrants were issued, must prove such defense.

**5. Highways ⬅99¼, New, vol. 14 Key-No. Series—Payment of road district funds by county will not be enjoined where plaintiffs' warrants not applicable to such funds.**

Where plaintiff had sold certain materials to a county to be used on roads under a special road law and had accepted warrants in payment thereof, it was proper to refuse to enjoin the county from paying out funds belonging to road precincts other than those for which the materials were furnished; plaintiffs being limited in their recovery to the districts covered by the funds on which the warrants were drawn.

Appeal from District Court, Houston County; John S. Prince, Judge.

Suit by Austin Bros., a corporation, against Nat Patton and others for an injunction. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

B. F. Dent, Earle Porter Adams, and Nunn & Nunn, all of Crockett, for appellant.

J. H. Painter, of Crockett, and Harris, McCall & Graham, of Dallas, for appellees.

LANE, J. This suit was brought by Austin Bros., a corporation, against Houston county, Tex., Nat Patton, as county judge, and against the four county commissioners, the treasurer and tax assessor of said county, as such officers. Judgment was prayed for against said county for the sum found to be due upon 21 county warrants issued by said county, aggregating about $7,000, and the court was asked to issue an injunction restraining the officers composing the commissioners' court from approving and allowing any claim payable out of the road and bridge fund of said Houston county, and restraining the treasurer from registering or paying any claim payable out of said fund until the plaintiff's claims are paid. Plaintiff also prayed for a writ of mandamus compelling the commissioners' court to appropriate, out of the money collected and to be collected from taxes levied for road and bridge purposes, sufficient to pay the plaintiff's claim, and that, if sufficient money is not available in said fund to satisfy such claim, then that said court be required to levy a tax out of the constitutional 15 cents road and bridge tax to pay said claim. The injunction prayed for was granted to continue during the pendency of the suit.

The defendants, the county of Houston and the officers sued, pleaded the special road law passed by the Thirty-Fourth Legislature, 1915 (Acts 34th Leg. p. 149), for the county of Houston, and for further answer alleged that ever since said road law took effect the roads and bridges of said county had been worked, repaired, and improved under the provisions of same, and that the debts and warrants upon which plaintiff is suing were created and issued under the operation of such special road law and by virtue thereof, and that such warrants purport to be and were in fact drawn and issued against the special road and bridge fund of commissioners' precincts Nos. 1, 3, and 4, as created under such special road law, and that all contracts of plaintiff by or through which the indebtedness sued on was created were made by plaintiff with full knowledge of the existence of such special law, and that the

provisions of said law were acquiesced in by plaintiff at the time said contracts were made.

"(3) That, anterior to the creation of the debts herein sued on, the Houston County road district No. 3 and the Houston County road district No. 1 were duly and legally created, and the limits thereof are shown by Exhibits C and D, which are hereto annexed and made a part of this answer.

"(4) That the materials and supplies which the warrants sued on were intended to cover, if such material and supplies were furnished defendant Houston county by plaintiff and those under whom plaintiff claims, and which defendants deny and demand strict proof of same, were used, if at all, by commissioners' precincts Nos. 1, 3, and 4, and not upon the roads or bridges situated in commissioners' precinct No. 2, or upon Houston County road district No. 1 and Houston County road district No. 3.

"(5) That since the enactment of said special road law as amended in 1915 all funds coming into the treasury of Houston county have been appropriated and prorated and apportioned to the respective commissioners' precincts and to Houston County road district No. 1 and Houston County road district No. 3 in the manner provided by such law, and that all of such funds placed to the credit of commissioners' precinct Nos. 1, 3, and 4, have been since that time, and are now, being expended by the county treasurer of Houston county in payment of all warrants against such funds, respectively, which warrants have been duly registered, including the warrants herein sued on, and that all such warrants have been and are now being paid in their regular order of registration.

"(6) That the respective road and bridge funds of the several commissioners' precincts and special road districts in Houston county, as provided by the special law above pleaded, consist at present of not only the proportionate part of such precincts and districts of the constitutional road and bridge tax, but that they also include moneys accruing to them by virtue of the motor vehicle tax and the tax or penalty paid in lieu of work by those persons in Houston county subject to road duty, and that the injunction herein granted in plaintiff's behalf has tied up those moneys."

They further alleged that on November 15, 1916, the commissioners' court ordered the issuance of warrants to Smith Bros. in an amount of $110,000, bearing interest at the rate of $5\frac{1}{2}$ per cent. per annum, payable semiannually, for the building of roads in Houston county, and at the same time levied a tax for 1917 and subsequent years to pay said warrants, and that such taxes had been and were being collected to pay said warrants, and that such funds were placed in the hands of the county treasurer to pay said warrants. They further alleged as follows:

"That at the several times at which plaintiff alleges the warrants herein sued on were issued and were registered the indebtedness by them evidenced, together with other indebtedness then outstanding against the road and bridge funds of Houston county, as same were constituted and kept, and against the road and bridge fund of Houston county, required a tax greatly in excess of taxes permitted to be levied under the Constitution of the state of Texas, and that at the time such warrants were issued no provision was made for their payment by the levy of a tax, and it was not contemplated that they be paid out of the current revenues for the year in which they were issued, or otherwise, and same are illegal and void, and such warrants were not to be paid out of any fund within the immediate control of Houston county at the time of their issuance, and were to be paid out of county funds in future years.

"That on divers times and occasions plaintiff has recently presented to the county treasurer of Houston county for payment warrants similar in all respects to those herein sued on, drawn against the funds of commissioners' precincts Nos. 1, 3, and 4, as provided for by the Houston county special road law, and same have been paid out of such funds and plaintiff has accepted the payments thus made."

They prayed for a dissolution of the temporary injunction theretofore issued and for a cancellation of the warrants sued on.

On the 16th day of October, 1919, Will Carson, Dave Leaverton, Chester Kennedy, A. B. Spence, H. H. Daily, E. B. Stokes, J. C. Millar, C. C. Warfield, and G. Q. King, the duly elected and qualified members of the advisory boards for special road districts 1 and 3 of Houston county, intervened. These interveners pleaded the special road law, as did the defendants, and specially pleaded sections 5 and 8 of said law, which omitting immaterial parts, read as follows:

"Sec. 5. The supervision and control of all roads and bridges situated in any special road district now or hereafter created shall be placed in the hands of an advisory board, consisting of five resident citizens residing in each of said districts, who shall be selected by the commissioners' court at the first regular meeting after the passage of this act, and annually thereafter, such advisory board to serve without compensation. Such advisory board to have the same jurisdiction and control over the roads and bridges in the respective districts in which each of said advisory boards reside as are conferred on the commissioners' court of Houston county as supervisors of the public roads and bridges. * * *"

"Sec. 8. * * * And all money paid into the general road and bridge fund of Houston county on any property * * * in any special road district, now or hereafter created, shall be apportioned by the commissioners' court to each of such districts in which same was so paid, and shall be entered to the credit of each of such districts in a separate account, to be kept by the county treasurer for each of said districts, and the money thus arising shall be expended upon the roads situated in each of said districts; and, provided further, that the remainder of the money paid into the general road and bridge funds of said county during each year on any property situated outside of

any such road districts shall be apportioned to the respective commissioners' precincts outside of said road districts in proportion to the amount of taxes paid on property situated in each of said commissioners' precincts, and the county treasurer of said county shall keep a separate and distinct account of said funds for each of said commissioners' precincts, as provided above for keeping the accounts for said special road districts, and the money so apportioned to each of said commissioners' precincts shall be expended upon the roads situated in each of said commissioners' precincts. * * * "

They specially pleaded the organization of special road districts 1 and 3, otherwise known, respectively, as Crockett and Grapeland road districts; their election and qualification as such advisory boards; that all the roads of Houston county were taken care of, repaired, and improved under said special road law prior to the date of the issuance of the warrants sued upon, and prior to the time when the debts for which said warrants were issued were contracted; and that since the taking effect of said special road law all moneys coming into the road and bridge fund of Houston county had been distributed in accordance with the provisions of said special law. They pleaded further as follows:

"That the road and bridge material and supplies for which the warrants sued on were issued to cover were used by the outlying precincts other than the Houston County road district No. 3 and the Houston County road district No. 1, known as the Crockett and Grapeland road districts, and such material and supplies were placed on the roads and bridges in the outlying precincts other than the Crockett and Grapeland districts, and such warrants were drawn and issued against the funds belonging to and going to such outlying precincts other than the Houston County road districts Nos. 3 and 1 and under the provisions of this special road law for Houston county as hereinbefore referred to, and were in all things accepted by the plaintiff and those under whom it is now claiming. Wherefore interveners say that the plaintiff is now estopped and barred from asserting any claim to any part of the road and bridge fund going to the Houston County road district No. 3 and the Houston County road district No. 1, as provided in such special road law.

"That about the year of 1916 the Houston County road district No. 3 and the Houston County road district No. 1, by a vote of its citizenship at an election duly ordered for such purpose, created under the law an additional tax of 15 cents and 10 cents, respectively, on the $100 valuation for the purpose of keeping up and maintaining its roads, which revenue said districts are now receiving, and in addition were receiving revenues from other sources going to the road and bridge fund of said districts.

"That that injunction sued out in this cause has tied up moneys belonging to the Houston County road district No. 3 and the Houston County road district No. 1 in the sum of about $1,800, and it is necessary that such moneys be used in working and repairing the roads and bridges thereon in said districts, and, if such injunction is allowed to stand and not dissolved, it will prevent the use of these as well as other moneys belonging to and coming into the funds of said Houston County road district No. 3 and Houston County road district No. 1 in improving and repairing the roads and bridges in said road districts and work a hardship on the citizenship of said districts and the public generally.

"Wherefore interveners pray that the injunction issued in this cause be in all things dissolved, and that, if any judgment be entered in favor of the plaintiffs, the rights of the Houston County road district No. 3 and the Houston County road district No. 1 be in all respects protected in such decree, and for general and special relief, as they will ever pray."

By supplemental petition plaintiff demurred generally to the answers of the defendants and interveners, and also demurred to paragraphs 2 to 6, inclusive, of defendants' answer hereinbefore set out. It also demurred to so much of said answer as pleaded the issuance of the Smith Bros. warrants, and so much thereof as undertakes to assert that the contracting of the debts for which the warrants sued upon were given was the creation of debts against the county of Houston, in contravention of the Constitution. It denied generally the allegations of the answers of the defendants and interveners, except those alleging passage of the special road law, the creation of special road districts Nos. 1 and 3, the election and qualification of the advisory boards for such districts, the levy of taxes and collection of moneys for the road and bridge fund, and its distribution under the provisions of the special road law of 1915. They also specially pleaded that the defendants and interveners are estopped to deny the validity of the warrants sued upon, for the reason that such denial is a collateral attack upon the valid orders of the commissioners' court auditing and allowing the claims, in payment of which the warrants were issued.

The court overruled the demurrers of plaintiff above mentioned, and the cause came on for hearing on its merits before the court without a jury. At the conclusion of the evidence the court rendered judgment decreeing that all the warrants sued upon were void and that they be canceled, that Austin Bros. take nothing by its suit against any of the defendants, and that the injunction theretofore granted be dissolved. Austin Bros. has appealed.

By the first assignment appellant insists, in substance, that the court erred in overruling its general demurrer directed to the answer of defendants and the plea of interveners, because such answer and plea allege no fact sufficient in law to constitute a defense to the payment of the warrants sued upon. Its contention is that, as it had al-

leged that the commissioners' court had lawfully purchased from it, and from those under whom it claims, supplies and materials to be used in the construction, repair, and maintenance of the public roads of Houston county, and that its claims had been duly presented to, approved and allowed by, the commissioners' court as just claims against the county, and thereafter warrants were duly issued in payment therefor, and that such approval and allowance of such claims and the warrants issued by virtue thereof, and in payment of such claims, became valid obligations of the county, and, as there is no allegation in the answer of Houston county denying the execution of said warrants, nor denying that it had through its commissioners' court approved the claims, the basis for the issuance of the warrants sued upon, and as there is no allegation in said answer setting up fraud, accident, or mistake, or collusion in passing said order of approval or in the issuance of said warrants or want of authority to purchase such supplies and material and to audit and approve such claims and issue warrants in payment therefor, such answer presents no defense to the cause of action alleged, and therefore the court should have sustained its general demurrer and have rendered judgment for it in such sum as is due upon the warrants sued on.

[1] These contentions are untenable and cannot be sustained. The answer of defendants does in substance allege that the supplies and material purchased from appellant and those under whom it claims was purchased without any intention on the part of either of the contracting parties that the purchase price would be paid out of moneys collected from taxes for the current year of 1916, available to the road and bridge fund; and as a matter of fact such purchases were attempts on the part of the commissioners' court to create debts against the county to be paid out of funds which might come into the hands of the county treasurer for future years, in contravention of article 11, § 7, of the Constitution, which provides that no debt for any purpose shall ever be incurred in any manner by any county unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay the interest thereon and provides at least 2 per cent. as a sinking fund. Such allegations challenge the authority of the commissioners' court to approve and allow the claims in payment for which the warrants sued on were issued, or to authorize the issuance of said warrants. If these allegations can be proven, appellant's suit for a recovery upon the warrants would be defeated, and therefore they set up a good defense and were not subject to appellant's general demurrer.

[2] We are also of the opinion that the demurrers of appellant were properly over-

226 S.W.—45

ruled for the further reasons that both the answer of the defendants and the plea of the interveners pleaded the special road law for Houston county and substantially alleged that at the time appellant, and those under whom it holds, sold the supplies and material to Houston county, said special road law was in force and effect, and that it was known to be in force and effect by appellant, and those under whom it holds, and that it was understood by said parties at the time of such sale that they were being made under and subject to the provisions of said special road law. They further alleged that at the time of such sales the road and bridge fund of Houston county were then being administered under the provisions of said law and were being apportioned to the several commissioners' precincts of the county and to special road districts Nos. 1 and 3; that no part of the supplies and material sold by appellant, or those under whom it holds, was purchased for or were used to repair or improve roads and bridges situated in commissioners' precinct No. 2, nor in either of the special road districts 1 and 3, but that such supplies were purchased for and wholly sued for the maintenance of the roads and bridges in commissioners' precincts Nos. 1, 3 and 4; that by reason of such contract of sale appellant, and those under whom it holds, agreed and understood that their claims were to be paid out of such funds as should be apportioned to said commissioners' precincts Nos. 1, 3, and 4, and that in accordance with such understanding the warrants sued on were written so as to show on their face that they were to be paid out of the funds of precincts 1, 3, and 4, each showing to which of said precincts it should be charged, and, as thus written, were accepted by appellant, and those under whom it holds, and that therefore, if appellant is to recover at all, it should recover judgment to be paid out of such funds as may belong to commissioners' precincts Nos. 1, 3, and 4, as provided in said warrants.

These allegations set up a perfect defense against any recovery of any judgment to rest against the road or bridge funds of commissioners' precinct No. 2, or of special road districts 1 and 3, and were therefore not subject to appellant's demurrers, nor to any of its special exceptions.

By the second and third assignments it is insisted that the court erred in overruling appellant's special exception to paragraphs 2 to 6, inclusive, of the defendant's answer, which was adopted by the interveners, and in overruling its special exception to so much of said answer as alleged the issuance of the Smith Bros. warrants.

We think that what we have already said in discussing the first assignment is a sufficient answer to the complaint made by these

two assignments, and they are therefore overruled without further discussion.

The remaining six assignments are in effect a complaint of the action of the trial court in adjudging that the warrants sued on were void, and in refusing appellant a recovery against Houston county for the sum due upon such warrants.

The warrants sued on were 21 in number. They were issued by authority of the commissioners' court of Houston county in payment for certain supplies and material purchased by said county to be used in repairing and improving the roads and bridges situated in commissioners' precincts Nos. 1, 3, and 4, and which were so used. Six of said warrants, which we here designate as series No. 1, on their face show that they are to be paid out of the funds of precinct No. 1; eight, which we designate as series No. 2, show that they are to be paid out of the funds of precinct No. 3; and seven, which we designate as series No. 3, show that they are to be paid out of the funds of precinct No. 4. The aggregate amount of said sums, respectively, are: No. 1, $1,571.16; No. 2, $2,625.50; No. 3, $2,768.80.

[3] A valid debt may be created by a county without complying with the provisions of article 11, § 7, of the Constitution, requiring that it provide for payment at the time it is created, where it has a fund on hand under its control from which it contemplates the debt shall be paid, though it was not in fact paid therefrom. Winston v. City of Ft. Worth, 47 S. W. 740. Such provision of the Constitution does not apply to instruments merely acknowledging or extending the time of payment of valid existing obligations. City of Tyler v. Jester, 74 S. W. 359; Id., 97 Tex. 344, 78 S. W. 1058.

That the county of Houston, through its county commissioners, had authority to purchase the supplies and material in question for the purpose of repairing and improving the roads and bridges in commissioners' precincts Nos. 1, 3, and 4, and to issue valid warrants in payment therefor, cannot be questioned, provided it was the intention and reasonable expectation of the county commissioners at the time that they would or could pay for such supplies, etc., out of the funds on hand and to be collected for said several commissioners' precincts 1, 3, and 4 from the taxes for the current year. Appellees, however, contend that it is apparent from the face of the warrants that the claims for which the warrants were issued in payment were debts contracted by the county in contravention of article 11, § 7, of our Constitution, and therefore such warrants were issued without authority of law and are void, and they further contend that, while it was not incumbent on them to show that such warrants were so unlawfully is-

sued, still they did by other circumstances show that fact.

[4] We cannot agree with these contentions. The undisputed evidence shows that all the indebtedness contracted was so contracted in the year 1916, and that most of the warrants were issued in that year, and none of them were issued later than the 24th day of February, 1917. There was no evidence tending to show the taxable value of the property of Houston county, or what the amount of taxes for road and bridge purposes was for the year 1916; nor is there any evidence showing what portion of the taxes for that year had been collected and what portion was uncollected when the debts were contracted or when the warrants were issued.

We have reached the conclusion that appellant has made out a prima facie case entitling it to a judgment against Houston county for the amount found to be due on the warrants sued on, the same to be paid out of the funds of commissioners' precincts Nos. 1, 3, and 4, the funds of each of said precincts to bear its portion of the total sum, as shown by the series of warrants issued and charged to it as hereinabove shown, and before appellees could defeat such prima facie case it devolved upon them to show that the warrants sued on were invalid and void. We think they have failed to do so.

[5] It being made to appear, however, by the undisputed evidence, that appellant, and those under whom it holds, accepted warrants in payment for the supplies and material sold to the county of Houston, which provides for their payment out of the road and bridge funds of commissioners' precincts 1, 3, and 4, we hold that the parties making such sales must look to the funds belonging to such precincts for payment of said warrants, and therefore the trial court properly refused to enjoin the officers of Houston county from paying out any of the funds belonging to commissioners' precinct No. 2, or that belonged to special road districts Nos. 1 and 3.

In Abbott on Municipal Corporations, vol. 1, at pages 537 and 538, the rule on the subject just discussed is stated as follows:

"If warrants are payable from a specified fund, there does not exist a general obligation to pay them from revenues or funds raised in any other manner or for any other purpose. The holder of such warrants is limited in his recovery to the funds existing for their payment."

We again repeat that, unless it be shown that at the time the debts in question were contracted the county could not contemplate their payment from funds under its control, from which such payments could be legally made, or from the taxes to be collected for the year 1916 from which payment could be legally made, the holders of such indebted-

ness were entitled to the judgment as indicated herein. And as we have reached the conclusion that no such proof has been made, and have also reached the other conclusions expressed herein, it becomes our duty to reverse the judgment rendered and remand the cause, with instructions to the trial court to retry the same in accordance with the views herein expressed; and it is accordingly so ordered.

Reversed and remanded.