## TYLER v. SHELBY COUNTY, TEX. *

### No. 6059.

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1931.

*Rehearing denied April 18, 1931.

104

W. M. Harris, of Dallas, Tex., and W. H. Graham, of Houston, Tex., for appellant.

J. M. Sanders, of Center, Tex., and Oliver J. Todd, of Beaumont, Tex., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant on interest coupons detached from funding warrants issued by the appellee, Shelby county, Tex., and payable out of the general fund of that county; some of the coupons sued on being detached from warrants of an issue dated February 15, 1923, and the remainder of such coupons being detached from warrants of an issue dated May 15, 1925. The warrants of the first mentioned issue contained the following:

"In event the sum of money evidenced by this warrant, or any of the annexed coupons, is not paid at maturity, the same shall thereafter bear interest at the rate of six per cent. per annum until fully paid, and in the event of such default and this warrant or any of the annexed coupons shall be placed in the hands of an attorney, or suit is instituted thereon, then Shelby County shall be obligated to pay to the holder or holders thereof, an additional ten (10) per cent. as attorney's fees."

Warrants of the last-mentioned issue did not contain such a provision. Both issues of warrants purported to be made for the purpose of funding or taking up warrants or scrip of Shelby county legally issued against its general fund and payable out of that fund. Pursuant to a directed verdict, the court rendered judgment in favor of the appellant for the amount of the coupons sued on, less three twenty-thirds of the face value of the coupons from warrants of the last-mentioned issue, with interest thereon from the date of the maturities of said coupons. The appellant assigns as errors: (1) The ruling of the court to the effect that the warrants of the issue of May 15, 1925, were excessive to the extent of three twenty-thirds of the whole thereof; and (2) its action in disallowing the claim of appellant based on the above-mentioned provision as to an attorney's fee.

It appears from the record that the court's ruling to the effect that the whole of the amounts called for by the warrants of the issue of May 15, 1925, was not recoverable was based on the conclusion that that issue was excessive under the provisions of the Constitution of Texas that "no county, city or town shall levy more than twenty-five cents for city or county purposes * * * on the one hundred dollars valuation" (article 8, § 9), and, "But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent. as a sinking fund." Article 11, § 7. The order of the commissioners' court of Shelby county which provided for the issue of warrants of May 15, 1925, contained the following:

"That to create said fund for the payment of the principal and interest of said warrants at maturity, a tax of 5¾ cents on each $100.00 valuation of taxable property in said Shelby County, out of the constitutional twenty-five cents general ad valorem tax, shall be annually levied, assessed and collected, or so much thereof as shall be necessary, until all of said warrants and the interest thereon shall have been fully paid, and said tax of 5¾ cents is here now levied for the year 1925, and for each succeeding year, or so much thereof as may be necessary for said purpose, while said warrants or any of them are outstanding; it is further ordered that should said tax of

5¾ cents be insufficient to pay the whole of the principal and interest maturing in any one year to and inclusive of the final maturities of said warrants, the Commissioners' Court of said County shall compute and ascertain what rate of tax, based upon the latest approved tax rolls of said County, shall be necessary and sufficient to fully raise and produce the amount of principal and interest maturing in said year, and the rate of tax so found necessary shall be levied, assessed and collected, for said year, at the time other county taxes are levied, assessed and collected, and the proceeds thereof shall be placed in said special fund above named, and the treasurer shall not honor any warrant or order upon said fund for any other purpose."

There was a similar provision in the order of the commissioners' court providing for the issue of above-mentioned warrants dated February 15, 1923, except that the tax provided for in that order, and which by that order was levied for the year 1923, was 6 cents out of the county's constitutional 25 cent general ad valorem tax. There was a similar provision in an order of the commissioners' court of that county, made in the year 1923, in reference to an issue of warrants dated December 15, 1922, except that the tax provided for in that order, and which by it was levied for the year 1923, was 14 cents on each $100 valuation of taxable property in that county.

The court's ruling to the effect that the tax provided for by the order under which the warrants of the issue of May 15, 1925, were issued exceeded the above-mentioned constitutional limit was challenged on the grounds: (1) That the evidence did not show that the tax as provided for exceeded that limit; and (2) that that constitutional provision does not apply to warrants which merely fund and extend the time of payment of valid existing warrants. If that ruling was erroneous on the first stated ground, it is not material to inquire whether it was erroneous on the other ground also.

■ It appears that the court's ruling that the tax levy under the order for the warrants of the issue of May 15, 1925, of 5¾ cents on the $100 valuation was excessive was based on the evidence as to previous levies of 6 and 14 cents respectively. It is to be noted that such previous levies were shown to have been made only for the year 1923. The evidence did not show any tax levy for the year 1925 except the above-mentioned one of 5¾ cents on the $100 valuation. As to

tax levies in years subsequent to 1923, the orders made in that year did not fix the amount of such levies, but provided for their being such as shall be sufficient to raise the sum required to be raised for the purpose mentioned in the year of the levy. The evidence did not show that levies of as much as those made for the year 1923 were required to be made in subsequent years in order to raise a sum sufficient to pay interest and to provide the prescribed sinking funds. Those orders by no means prove that 20 cents on the $100 of taxable property was levied in any year after 1923. Bassett v. City of El Paso, 88 Tex. 168, 30 S. W. 893; Grimes County v. Slayton & Co. (Tex. Civ. App.) 262 S. W. 209. If in 1925 the assessed value of the county's taxable property was substantially more than it was in 1923, taxes aggregating substantially less than 20 cents on the $100 of that valuation may have been sufficient to meet the requirements of the above-mentioned orders made in 1923. There was no evidence as to what that valuation was in the year 1925. In the absence of such evidence, it is not to be inferred or assumed that that valuation in that year was such as to require levies aggregating 20 cents on the $100 to provide the funds called for by the above-mentioned orders made in 1923. The burden was on the appellee to show that, by the levy of the above-mentioned tax of 5¾ cents on the $100 of taxable property, the constitutional limit was exceeded. Board of Commissioners of Kearny County v. Irvine (C. C. A.) 126 F. 689, 698; Austin Bros. v. Patton (Tex. Civ. App.) 226 S. W. 702. In our opinion, the evidence failed to show that that limit was exceeded. It follows that the ruling now under consideration was erroneous.

■ The warrants which contained the above set out provision as to an attorney's fee authorized, ordered, and directed the treasurer of Shelby county to pay to bearer the principal sum stated therein, together with the interest thereon, evidenced by coupons attached thereto. They do not authorize, order, or direct the treasurer to pay the amount of the attorney's fee provided for. The provision as to an attorney's fee evidences a promise of the county to pay the stipulated sum at times or a time in the future. Under the law of Texas, county warrants have the qualities usually recognized to be characteristic of such instruments. As usually understood, a county warrant is an authorized order or certificate for the payment of the stated amount of an allowed claim against the county out of public funds ap-

plicable to the payment of it. Ashe v. Harris County, 55 Tex. 49; Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373; Wall v. County of Monroe, 103 U. S. 74, 78, 26 L. Ed. 430; Shelley v. St. Charles County Court (C. C.) 21 F. 699. In making the order for the issue of the warrants in question, the commissioners' court exercised its power to "audit and settle all accounts against the county and direct their payment." Revised Civil Statutes of Texas, art. 2351. As those instruments did not order or direct the county treasurer to pay the stipulated amount of an attorney's fee, as to such fee those instruments are not warrants or certificates within the meaning of the provision: "The county treasurer shall not pay any money out of the county treasury except in pursuant of a certificate or warrant from some officer authorized by law to issue the same." Id. art. 1713. The above set out provision as to an attorney's fee lacks a characteristic and distinguishing feature of a county warrant, in that it does not order or authorize the payment of an existing allowed claim against the county out of a public fund applicable to the payment of it. The instruments in question, merely acknowledging the justness of legal existing obligations of the county and providing for the payment thereof, could not legally have the effect of creating a new debt for the stipulated amount of an attorney's fee, which was not intended to be made payable out of the current revenues of the county, and was not made payable out of the taxes provided for, which were to be levied to create a fund for the payment of "the principal and interest of said warrants at maturity." City of Tyler v. L. L. Jester & Co. (Tex. Civ. App.) 74 S. W. 359; Id., 97 Tex. 344, 78 S. W. 1058; Board of Com'rs of Kearny County v. Irvine (C. C. A.) 126 F. 689, 701; Shirk v. Pulaski County, 21 Fed. Cas. 1323, No. 12794; Foster v. Coleman & Alexander, 10 Cal. 278.

The Supreme Court of Texas has recognized that interest on allowed claims against a county, the payment of which is deferred to a stated future time, is an incident of such allowed claims, with the result that warrants for the future payment of such claims validly may provide for the payment of interest on the amount thereof. Lasater v. Lopez, supra. But, so far as we are advised, no decision of that court indicates that a commissioners' court of a county, in providing for interest-bearing warrants for the amount of existing allowed claims against the county, validly may obligate the county to pay out of funds to be raised by taxes levied or to be levied for future years the amount of an attorney's fee for the payment of which the county was not obligated prior to the issuance of such interest-bearing warrants, especially where such taxes were not levied for the purpose of raising funds to be used in paying such fee. For reasons above indicated, we are of opinion that the court did not err in disallowing the above-mentioned claim of the appellant that he was entitled to recover the stated amount of an attorney's fee.

Because of the above-mentioned error, the judgment is reversed, and the case is remanded, with direction that a new trial be granted.

Reversed.