

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
~~ATTORNEY GENERAL~~

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion Number O-3851
Re: Can the Commissioners' Court of Hill
County spend the proceeds of or from
the sale of Road District #5 Bonds
in building a graveled road that
is the dividing line of Road District
#5 and Road District #2?

We acknowledge receipt of your opinion request of August 1 and quote from
your letter as follows:

"Hill County is contemplating the sale of some Road Bond District
No. 5 bonds that were voted and issued for the purpose of
constructing, maintaining and operating macadamized,
graveled or paved roads and turnpikes, or in aid thereof.

"I will appreciate your opinion as follows:

"Can the Commissioners Court of Hill County spend the proceeds
of or from the sale of these bonds in building a graveled
road that is the dividing line of Road District No. 5 and
Road District No. 2?

"It seems to be the desire of the majority of the taxpayers
in Road District No. 5 that the money derived from the sale
of Road District No. 5 bonds be used in constructing the
entire road as above described."

The bonds mentioned in your opinion request have been issued or must
be issued under and in strict conformity with Section 54, Article 3,
of the Constitution of the State of Texas, and laws enacted pursuant
thereto, particularly Articles 752a, 752c and 752d, et seq. Said
bonds when issued will have to be for the purpose of the construction,
maintenance and operation of macadamized, graveled or paved roads and
turnpikes, or in aid thereof, within and for said Road District
No. 5 of Hill County, Texas, and a tax will have to be levied in said
district in payment thereof. Article 752d specifically provides that
all preelection proceedings shall describe the road district by its

number and describe the boundaries thereof as such boundaries are described and defined in the order of the Commissioners' court establishing said district.

It is elementary that the funds derived from the sale of bonds cannot be diverted from the purposes stated in the proposition submitted to the voters. Aransas County v. Colemen-Fulton Pasture Co., 191 S. W. 554. The bonds, under your statement of facts, will be issued to build roads within said road district.

It is our opinion that the proceeds of bonds issued by Road District No. 5 must be spent for the purpose of constructing, maintaining and operating macadamized, graveled or paved roads and turnpikes, or in aid thereof, within said Road District No. 5 of Hill County, Texas.

Therefore, bond proceeds can be used only to construct that part of the road in question that lies within Road District No. 5.

The courts of this State have held that even though the administration of road district funds is controlled by the County Commissioners they may not divert said funds from district purposes. Austin Bros. Bridge Co. v. Road District No. 3 of Liberty County, 247 S. W. 674 (error refused); Austin Bros. v. Patton, 226 S. W. 702 (error refused).

Trusting that this answers your question, we are

                                    Very truly yours

                                    ATTORNEY GENERAL OF TEXAS

                                    s/  Claud O. Boothman


                            By
                                    Claud O. Boothman
                                        Assistant

COB:s /cb:ldw

APPROVED AUG. 11, 1941
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN