

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 13, 1984

Honorable Patrick H. Simmons
District-County Attorney
Limestone County
P. O. Box 146
Groesbeck, Texas    76642

Opinion No.   JM-192

Re:   Whether salary payments of
county employees must be approved
monthly by a commissioners court

Dear Mr. Simmons:

You have asked whether payment of salaries to county officials require monthly approval either by the commissioners court or the county auditor. Although you specifically inquire as to the effect of article 1660, V.T.C.S., other relevant statutes must be considered in resolving this question. We conclude that each county warrant paid to an official or employee of the county requires commissioners court approval. Tyler v. Shelby County, 47 F.2d 103 (5th Cir. 1931). The county auditor's prior approval is not required, however.

A commissioners court is required to "audit and settle all accounts against the county and direct their payment." V.T.C.S. art. 2351(10). All payments must comply with the county's budget with regard to those salaries which have been approved for county officials and employees. V.T.C.S. art. 689a-11; art. 1666a. The funds are actually disbursed by the county treasurer under the direction of the commissioners court. Article 1709a, V.T.C.S., generally requires that all county money be deposited with the county treasurer or in the county depository and that

> [n]o moneys shall be expended or withdrawn from the county treasury except by checks or warrants drawn on the county treasury . . . .

V.T.C.S. art. 1709a, §4. It is the duty of the county treasurer, upon the presentation of a warrant drawn by the proper authority, to endorse said warrant for the benefit of the named payee if there are sufficient funds available. Id. §4(d). Thus, the proper authority in the payment of salaries is the commissioners court, whose order directing payment, i.e. the warrant, is attested by the county clerk. Id. §4(e).

Although the county auditor has broad authority to "see to the strict enforcement of the law governing county finances," article

1651, V.T.C.S., and the power to disapprove certain claims against the county unless contracted for according to law, he does not have the authority to require prior approval of salary "claims." Of course, the auditor may refuse to co-sign a salary warrant which he believes, in good faith, to be unauthorized. Without his signature, the county warrant is invalid and cannot be paid by the depository. Attorney General Opinion S-149 (1955). The courts have been inconsistent in their discussion of a county auditor's authority to disapprove salary warrants. The rule to be derived from the cases, however, is that if the county employee, as a matter of right, is entitled to be paid a sum certain, the county auditor has a ministerial duty to co-sign the warrant and may be subject to a writ of mandamus to do so; however, if the auditor has reasonable grounds on which to question the salary payments, he may, in his discretion, refuse to co-sign the warrant, in which event the employee's remedy is a suit against the county rather than a mandamus action against the auditor. In any event, it is clear that salary payments are not "claims" under articles 1660 and 1661 which require prior approval by the auditor of such claims before action of the commissioners court. Article 1660, V.T.C.S., provides that

> [a]ll claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bill [sic], or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law.

Article 1661, V.T.C.S., meanwhile, states the following:

> Section 1. He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the

> purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. **All warrants on the county treasurer, except warrants for jury service, must be counter signed by the auditor.**

> Sec. 2. The county judge of a county having an auditor may waive by his own written order the approval of the county judge on requisitions. The order shall be recorded in the minutes of the Commissioners Court. If the county judge's approval is waived, all claims must be approved by the Commissioners Court in open court. (Emphasis added).

The above requirements for the approval of claims do not apply to payments out of the county treasury for salaries, judgments against the county which are settled by the commissioners court, or purchases under special contract. Attorney General Opinion H-977 (1977).

The most recent case discussing the auditor's authority to withhold his signature from salary warrants is Smith v. McCoy, 533 S.W.2d 457 (Tex. Civ. App. - Dallas 1976, writ dism'd). In this case three deputy sheriffs had been suspended without pay by the sheriff and later reinstated. The sheriff requested the commissioners court to award back pay for the period of the suspension. The commissioners court agreed to do so and issued the warrants, which the auditor refused to co-sign, questioning the legality of back payments for salary to suspended county employees. The deputy sheriffs, as plaintiffs, sued for a writ of mandamus against the auditor, seeking to compel his co-signature. The court found that the auditor did not abuse his discretion in refusing to co-sign the warrants because the matter of back payment presented a "difficult legal question," or, in other words, that the plaintiffs did not as a matter of law have a right to the salary payments.

Where a claimant's right is established as a matter of law, the auditor has a ministerial duty to approve payment. Thus, in the case of Jackson v. Leonard, 578 S.W.2d 879 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.), the court held that the auditor could not question the salary increases awarded justices of the peace pursuant to the salary grievance committee procedures. The court found that these claims were not claims subject to the auditor's approval authority under articles 1660 and 1661, but that he was under a ministerial duty to co-sign the warrants. See also Nacogdoches County v. Jinkins, 140 S.W.2d 901 (Tex. Civ. App. - Beaumont 1940, writ ref'd) (the county auditor had no authority to disapprove district clerk claim for salary under articles 1660 and 1661).

In the case of Guerra v. Weatherly, 291 S.W.2d 493 (Tex. Civ. App. - Waco 1956, no writ), the county had employed an attorney for which the commissioners court had ordered three separate warrants to be issued serially as compensation. The county auditor refused to co-sign the warrants and the attorney sued for a writ of mandamus. The court did not discuss articles 1660 and 1661, as to whether or not these payments were claims subject to auditor approval, but held that the commissioners court was authorized to employ an attorney and order warrants for his compensation to be issued.

Earlier opinions from the attorney general's office have been less than clear regarding the auditor's authority to disapprove salary payments. None of the opinions clearly conclude that the auditor may simply withhold his signature if he believes that the expenditure would be illegal. Attorney General Opinion 0-6624 (1945) concerned the employment and payment of an inventory clerk for the county. This opinion concluded that, pursuant to article 1651, regarding the auditor's authority to see to the strict enforcement of county finances, the auditor would be authorized to inquire as to whether the clerk was actually performing duties contracted for by the commissioners court. The opinion simply concluded that if the auditor believes that an employee is not discharging his duties, he should simply refuse to counter-sign the employee's warrants. Attorney General Opinion 0-4053 (1941) concerned the authority of a county attorney to continue salary payments to an individual not working on account of personal injury. This opinion advised that the auditor has the authority under article 1660 to require an affidavit from the county commissioner for whom the injured employee worked, to the effect that indeed the individual was employed and working. However, as we have discussed above, article 1660 does not apply to salary payments, since they are not accounts or claims. Similarly, in Attorney General Opinion 0-5890 (1944), it was found that payrolls signed by the respective county officials were required to be submitted to the county auditor for his approval under article 1660. We believe that to the extent that either of these opinions conclude that articles 1660 and 1661 require prior approval by the county auditor of salary payments, they are in error and are hereby overruled.

In Attorney General Opinion 0-5049 (1943), it was concluded that the commissioners court's duty to audit and settle claims against the county pursuant to article 2351(10) cannot be delegated to the county auditor under a standing order authorizing the auditor to pay county officials and employees without periodic approval by the commissioners court. In other words, the monthly payroll reports prepared by the respective county officials are turned in to the commissioners court for its approval and its order issuing salary warrants. See V.T.C.S. art. 1637. Attorney General Opinion 0-5049 concluded that the commissioners court cannot delegate this responsibility to the county

auditor.  In summary, we conclude that salaries paid to county employees require commissioners court approval before any warrants may be issued.  The auditor's prior approval is not required, but his co-signature must be affixed to the warrant before it may be paid.

### S U M M A R Y

Salaries paid to county employees require approval by the commissioners court before warrants may be issued but do not require prior approval by the county auditor, although his co-signature is required.

Very truly yours

J I M    M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton