## AMERICAN NAT. INS. CO. v. GREEN.

### No. 1573.

Court of Civil Appeals of Texas. Eastland.

June 26, 1936.

F. M. Robertson, of Haskell, for appellant.

Ratliff & Ratliff, of Haskell, for appellee.

LESLIE, Chief Justice.

Nolan Green (as beneficiary) instituted this suit against the American National Insurance Company to recover on a life insurance policy issued by that company to the plaintiff's mother, Ola Green, a short time prior to her death. The defendant answered by general demurrer and general denial. The trial was before the court and jury, and at the conclusion of the testimony the court instructed a verdict in favor of the plaintiff.

That ruling of the court is the first error assigned, and it calls for a consideration of the testimony to enable us to determine whether or not the evidence on any material issue was of such a nature as to entitle the defendant to go before the jury on the same. We have carefully examined the testimony. The policy was introduced and supported by an agreement of the parties on several material facts. Taking the testimony as a whole, this court is of the opinion that it establishes the liability of the defendant to that degree of conclusiveness which precludes a reasonable doubt to the contrary. In other words, we think that fair and reasonable minds would not reach a conclusion from the evidence different from that which prompted the trial court to instruct the verdict in favor of the plaintiff. In such case the authorities uphold an instructed verdict. Grand Fraternity v. Melton, 102 Tex. 399, 117 S.W. 788; Felts v. Bell County, 103 Tex. 616, 132 S.W. 123; Daugherty v. Wiles (Tex. Com.App.) 207 S.W. 900. The first assignment is overruled.

The appellant vigorously sought to introduce and have considered certain testimony indicating that the insured made false statements as to the condition of her health when the policy was issued to her. This was objected to upon the ground that there were no pleadings by the de-

728

fendant to support such evidence. Since the defendant's answer contained only a general demurrer and a general denial, the testimony was immaterial and irrelevant to any issue in the case. All affirmative defenses must be specially pleaded, such as the defense that insured was not in sound health during the time the first premium was paid and the policy was delivered; that insured made false representations as to his habits and state of health upon which the insurer relied, etc. On this contention the opinion by Judge Sharp in American Central Life Ins. Co. v. Alexander (Tex.Com.App.) 56 S.W.(2d) 864, is in point. That authority is explicit as to the character of pleading required to present such defense, as well as the burden resting upon the defendant to establish the same. It is there held that: "Where the insurer, in order to avoid the policy, contends that the insured failed to disclose certain facts deemed material to the risk, the burden rests upon the insurer to allege and prove the facts sustaining the contention." See, also, 24 Tex.Jur. p. 1210, § 361; p. 1220, § 367; p. 1249, § 389; p. 1266, § 398; 37 C.J. p. 610, §. 400.

The appellant's next contention is that the trial court in giving the peremptory instruction against it committed reversible error in that the court violated the provisions of R.C.S. arts. 2185, 2186, and 2189, which provide, respectively, that a party have "a reasonable time * * in which to examine and present objections thereto" (main charge); that "either party may present to the judge * * written instructions," etc; and that the court "upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence." The appellant protests that the sudden giving of the peremptory instruction without allowing it an opportunity to comply with the above statutes and thus preserve its rights was an error prejudicial to it. This contention must be overruled. It is now settled that these statutory provisions which require parties to object to the charge, submit special charges, or request the submission of desired special issues, in order to have a standing in the appellate court, have no reference to a peremptory instruction that takes the case from the jury. Walker v. Haley, 110 Tex. 50, 214 S.W. 295; 3 Tex.Jur. § 144, p. 217.

For the reasons assigned, the judgment of the trial court is affirmed.