UNITED AMERICAN INSURANCE COMPANY, Appellant,

v.

L. C. HARP, Appellee.

No. 6590.

Court of Civil Appeals of Texas.

Amarillo.

April 16, 1956.

Rehearing Denied May 14, 1956.

Walker & Day, Fort Worth, for. appellant.

J. Farris Fish and G. E. Hamilton, Matador, for appellee.

NORTHCUTT, Justice.

This was a suit instituted by L. C. Harp against United American Insurance Company seeking to recover upon a health insurance policy issued to appellee and his wife. Appellee seeks to recover doctor and hospital bills in connection with the last sickness of appellee's wife, together with statutory penalty and attorney's fee. The case was tried to the court without a jury. Judgment was rendered for L. C. Harp for the sum of $2,289.50 together with 12% statutory penalty and $763.16 attorney's fee. And from this judgment, appellant has perfected this appeal.

Appellant presents his appeal upon nineteen assignments of error. The first five points are presented together contending that appellant was not liable upon the insurance policy because of the false answers given by appellee in the application for the insurance. Some of the answers given in the application were false; then it must be determined whether such answers were material to the risk or actually contributed to the contingency or event on which said policy became due and payable. Article 21.16 of the Insurance Code, V.A.T.S., provides:

"Any provision in any contract or policy of insurance issued or contracted for in this State which provides that the answers or statements made in the application for such contract or in the contract of insurance, if untrue or false, shall render the contract or policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought upon such contract, unless it be shown upon the trial thereof that the matter or thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable, and whether it was material and so contributed in any case shall be a question of fact to be. determined by the court or jury trying such case. Acts 1951, 52nd Leg., ch. 491."

Article 21.17 of the Insurance Code provides:

"In all suits brought upon insurance contracts or policies hereafter issued or contracted for in this State, no defense based upon misrepresentations made in the applications for, or in obtaining or securing the said contract, shall be valid, unless the defendant shall show on the trial that, within a reasonable time after discovering the falsity of the representations so made, it gave notice to the assured, if living, or, if dead, to the owners or beneficiaries of said contract, that it refused to be bound by the contract or policy; provided, that ninety days shall be a reasonable time; provided, also, that this article shall not be construed as to render available as a defense any.

immaterial misrepresentation, nor to in any wise modify or affect Article 21.16 of this code. Acts 1951, 52nd Leg., ch. 491."

Article 21.18 of the Insurance Code provides:

"No recovery upon any life, accident or health insurance policy shall ever be defeated because of any misrepresentation in the application which is of an immaterial fact and which does not affect the risks assumed. Acts 1951, 52nd Leg., ch. 491."

It is the contention of appellee that the insurance agent, in filling out the application for insurance, only asked him two or three questions and wrote the answers to the other questions without asking the appellee about them and then handed the application to appellee to sign which he did without reading it. Appellant urges that the material answers given show that the appellee did not have a family physician; that Mr. and Mrs. Hart were in good health and free from any physical or mental disease; that they had not been confined in a hospital within the past five years; that neither had had diseases of the heart or circulatory system or similar disorders; no rectal diseases nor medical or surgical advice or treatment or operations in the past five years; and that the appellees stated they applied to appellant for the policy to be issued solely and entirely in reliance upon the written answers to these questions. Further contending that the basis of appellee's claim originated from cancer while the policy had not been in continuous force for a period of six months.

■ It is to be noticed that appellant did not, upon receipt of the application, immediately issue the insurance policy but it was issued some sixty days later after the appellant had made an independent investigation of the appellees. Appellant knew, before it issued the policy in question, that Mrs. Hart had been to the hospital for a check-up and had had a physical check-up and knew of the physician making the examination. Appellant had a report from Dr. Stanley that he had seen Mrs. Hart in January of 1950 and had this report before it issued the policy in question. Mr. Donovan, an attorney and in charge of the underwriting department for the appellant, testified that they had the independent investigation made and they found all that they had to know. Knowledge of the facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is, in law, a knowledge of the fraud. Caprito v. Grisham-Hunter Corporation, Tex.Civ.App., 128 S.W.2d 149.

■■ There is sufficient evidence in this case to show that, at the time of the issuance of the policy, Mrs. Hart was in good health. We are unable to hold that appellant showed, upon the trial herein, that the matters or things it contends were misrepresented were material to the risk or actually contributed to the contingency or event upon which said policy became due and payable. Neither do we think appellant proved the appellee knew about these answers, even though he may be held to know what was in the instrument he signed, and that he made them willfully and with the intention of inducing the insurer to issue this policy. There is sufficient evidence to substantiate the findings of the trial court upon these matters as well as that Mrs. Hart did not have a cancer at a time to void this policy. Since there was sufficient evidence to substantiate such findings of the trial court, the trial court's finding is binding upon this Court. Appellant's first five assignments of error are overruled. We think the case of Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820, 822, by the Supreme Court, determines these matters contrary to the contention of appellant, where it is stated:

"(1, 2) The question of whether or not the insured was in 'good health' when the policy was issued was a controverted issue of fact to be determined by the jury, and was foreclosed by the findings of the jury. Vann v. National Life & Accident Ins. Co., Tex.Com.

App., 24 S.W.2d 347; Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943. Where the testimony is conflicting on an issue of fact, appellate courts will not disturb a verdict of a jury when there is competent evidence to support the findings. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775; Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; 3 Tex.Jur. pp. 1093–1097, §§ 767–769.

"The controlling question here is whether or not it was incumbent upon the insurance company to secure jury findings on its allegations of fraudulent representations made by the insured in answer to Questions Nos. 22, 23, and 25. Respondent contends that the testimony is undisputed that the insured made false answers to these questions, and that fraud is shown as a matter of law, and it was therefore not necessary to submit such issues to the jury.

"(3, 4) Uncontroverted questions of fact need not be and should not be submitted to the jury for its determination; but they are proper subjects for peremptory instructions by the court. Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340; American Nat. Ins. Co. v. Green, Tex.Civ. App., 96 S.W.2d 727; 41 Tex.Jur., p. 1027, § 228. But in this case it can not be said that the evidence is undisputed and shows, as a matter of law, that insured was guilty of fraud in answering the questions above enumerated.

"The statutes of this State provide what provisions policies of insurance shall contain and what provisions they shall not contain. Articles 4732 and 4733, R.S.1925, Vernon's Ann.Civ.St. arts. 4732, 4733. Subdivision 4 of Article 4732 reads as follows: 'That all statements made by the insured shall, in the absence of fraud be deemed representations and not warranties.'

"(5) It is the settled rule that, in order to avoid a policy, false statements must have been made willfully and with design to deceive or defraud. American Cent. Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864; Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197; Westchester Fire Ins. Co. v. Wagner, 24 Tex.Civ.App. 140, 57 S.W. 876 (writ denied). We find no testimony in this record that conclusively shows that the insured knew that he had heart trouble at the time he signed the application for insurance, or that he made the false answers willfully and with the fraudulent intention of deceiving the insurance company and inducing it to issue the policy.

"(6) It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, or should have known, that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy. American Cent. Life Ins. Co. v. Alexander, Tex.Com. App., 56 S.W.2d 864; Doyle v. Great Southern Life Ins. Co., Tex.Civ.App., 126 S.W.2d 735, affirmed 136 Tex. 377, 151 S.W.2d 197; General American Life Ins. Co. v. Martinez, Tex. Civ.App., 149 S.W.2d 637; American Nat. Ins. Co. v. Green, Tex.Civ.App., 96 S.W.2d 727; Provident Life & Accident Ins. Co. v. Flowers, Tex. Civ.App., 91 S.W.2d 847; 46 C.J.S., Insurance, § 1319, pp. 435–437."

What we have said as to the matters above will also dispose of appellant's assignments six to thirteen, both inclusive, covering the risk assumed all of which are overruled.

By appellant's remaining assignments of error, it complains of the admission of evidence of appellee's attorney as to oral assignments made by Scott & White

and also as to penalty and attorney's fees, and contends appellee cannot recover upon the policy of insurance because of assignments made by appellee to Dr. Stanley and Scott and White. Appellant did not properly plead appellee was not the owner of the policy in question. There was a disclaimer filed in the case on behalf of both Dr. Stanley and Scott & White, and if appellant wanted to contest the authority of the attorneys to file such answer and disclaimer, the burden of proving want of authority was upon appellant. When the disclaimer was filed by attorneys and found by the trial court that appellee was the owner of the policy in question, we think such finding was binding upon this Court. We think, under this record, it is shown that appellee was the owner and holder of the policy in question and that appellant had notice of the claims under the policy and waived formal request for payment and appellee was entitled to the penalty and reasonable attorney's fees. Said assignments of error are overruled. Judgment of the trial court is affirmed.