Sandra WEST, Appellant,

v.

CITY NATIONAL BANK OF BIRMINGHAM, Alabama et al., Appellees.

No. 8411.

Court of Civil Appeals of Texas, Beaumont.

March 6, 1980.

Roger McCabe, Patricia Chamblin, Beaumont, for appellant.

Walter J. Crawford, Jr., Peter Boyd Wells, III, Beaumont, for appellees.

CLAYTON, Justice.

Appellant, Sandra West, filed this suit against City National Bank of Birmingham, Alabama (Bank), Tim Putnam, and others, seeking damages arising from a wrongful repossession of her automobile. Appellant appeals from a judgment dismissing her cause of action against Bank and Putnam. Appellant has abandoned her appeal as to Putnam.

Appellant filed her original petition on November 10, 1977, and the Bank, on December 27, 1977, filed its original answer in the form of a general denial. This answer was filed by attorney Wood. On May 5, 1978, attorney Wood filed his unverified motion to withdraw as counsel for Bank stating his reason therefor as "Now, there appears to be some confusion as to who employed the services of W. T. Wood, Jr.," and on the same day the trial court granted leave for Wood to withdraw as counsel.

On June 4, 1978, Bank filed its special appearance pursuant to *Tex.R.Civ.P. 120a*, and prayed for a dismissal of the cause of action against it upon the grounds that Bank is a national banking corporation and is not amenable to process issued by the court of this State, that it maintains no agent for service within the State of Texas, that it is not authorized to, nor does it conduct business in the State of Texas, that it maintains its principal place of business in Birmingham, Alabama, "where jurisdic-

tion of this action is mandatory, pursuant to Title 12, Sec. 94, U.S.C.A." This special appearance was followed by an "Amended Special Plea to the Court's Jurisdiction and Venue and Motion to Dismiss." This plea again challenges the jurisdiction of the court and alleges "the sole appropriate venue is in Jefferson County, Alabama, which has jurisdiction of cases similar to the instant case." After an evidentiary hearing, the trial court granted the Bank's "special appearance . . . and the accompanying Motion to Dismiss" and dismissed appellant's cause of action as against Bank and Putnam.

■ Appellant asserts in her first point of error there is no evidence to support a finding that attorney Wood had no authority to file the answer in the form of a general denial for the Bank. In considering this no evidence point, we must review the evidence in the light most favorable to the finding and disregard all evidence and inferences to the contrary. *Rourke v. Garza,* 530 S.W.2d 794 (Tex.1975).

The record before us reveals only the following with reference to Wood's authority to file an answer for the Bank:

1. Wood filed an original answer, which was a general denial, for the Bank.

2. Wood filed an unverified motion to withdraw as attorney of record for the Bank, for the reason "some confusion as to who employed the services of W. T. Wood, Jr."

3. The testimony of Tim Putnam, Assistant Vice President, Assistant Manager Installment Loan Department, City National Bank, that "[W]e also talked to a Mr. W. T. Wood, Jr., a Beaumont attorney, and asked him if the bank had acted properly in repossessing the Plaintiff's car. Mr. Wood told us that in his opinion the bank had acted properly and lawfully."

4. A statement by the Bank's present counsel that he would gladly file an affidavit from Mr. Wood stating that attorney Wood did not represent the Bank. He also stated that Mr. Wood might not provide such an affidavit.

This statement was merely made by counsel in the course of presentation of documentary evidence and was not given in any way as evidence at the hearing. The affidavit of Wood was not filed.

The evidence shows that the Bank sought and received from attorney Wood an opinion as to the legality of the repossession of the automobile. Subsequently, Wood filed an answer for the Bank. Putnam, the witness testifying about contacting Wood, did not deny Wood's authority to appear and answer for the Bank. Wood did not appear and deny his authority to answer for the Bank.

■ The presumption of law is that the attorney appearing for a party is duly authorized, and such presumption will prevail until it has been conclusively shown that the attorney was not authorized to appear for the litigant. *Grey v. First National Bank in Dallas,* 393 F.2d 371, 384 (5th Cir. 1968), cert. denied, 393 U.S. 961, 89 S.Ct. 398, 21 L.Ed.2d 374 (1968); *Hidalgo County Drainage Dist. No. 1 v. Magnolia Petroleum Co.,* 47 S.W.2d 875 (Tex.Civ.App.—San Antonio 1932, writ ref'd); *United American Insurance Company v. Harp,* 290 S.W.2d 392 (Tex.Civ.App.—Amarillo 1956, no writ). To rebut such a presumption the Bank was required to present competent evidence that Wood's appearance for the Bank was unauthorized. This the Bank failed to do. The evidence in this record fails to show that Wood's appearance for the Bank, by filing the answer in the form of a general denial, was unauthorized. This point is sustained.

The posture of the case now becomes one in which the Bank filed an answer, setting forth a general denial, and subsequently filed a special appearance pursuant to *Tex. R.Civ.P. 120a,* challenging the jurisdiction of the court.

■ Appellant next complains of error in dismissing the Bank from this cause because, by failing to enter a special appearance prior to filing a general denial, the Bank waived any objections to personal jurisdiction. The Bank concedes that, if attor-

ney Wood had authority to file the general denial on behalf of the Bank, this fact would be dispositive of this point of error "since a special appearance, insofar as it challenges only amenability to service of process on the basis of in personam jurisdiction, must be filed before any other pleading." We agree with the Bank, and, in view of our holding with reference to the filing of the general denial, we sustain this point. See *Davis v. Spraggins,* 449 S.W.2d 80 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.); *Grand American Company, Inc. v. Stockstill,* 523 S.W.2d 422 (Tex.Civ.App.—Amarillo 1975, no writ).

Appellant, by her third point, urges error in dismissing the Bank for the reason that "the Bank waived its National Bank Act venue rights." The Bank's original answer contained no plea to the jurisdiction or plea in abatement, nor did it otherwise raise any objections to personal jurisdiction or venue. It was nothing more than a general denial.

A defendant who enters an appearance by filing an answer is before the court for all purposes. *Tex.R.Civ.P. 121.* By filing an answer, defendant submits himself to the jurisdiction of the court, even if he was not amenable to process at the time of service. *Bullock v. Land,* 443 S.W.2d 60 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.); *Davis v. Spraggins,* supra.

The National Bank Act provides that venue for actions against a national banking association shall be "in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." 12 U.S.C.A., § 94 (1945). However, a national bank may waive its right to be sued in its county of residence. *National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc.,* 425 U.S. 460, 48 L.Ed.2d 92, 96 S.Ct. 1632 (1976); *Robertson v. Union Planters National Bank of Memphis, Tennessee,* 561 S.W.2d 901 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *First National Bank of Charlotte, North Carolina v. Morgan,* 132 U.S. 141, 33 L.Ed. 282, 10 S.Ct. 37 (1889); *Buffum v. Chase Nat. Bank of City of New York,* 192 F.2d 58 (7th Cir. 1951),

cert. denied, 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952); *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 84 L.Ed. 167, 60 S.Ct. 153 (1939).

The Bank has attempted to raise the question of venue by the pleading styled "First Amended Special Appearance under Rule 120(a) [120a] and First Amended Motion to Dismiss." This special appearance was waived when the original answer was filed. The pleading seeks also to dismiss the Bank from this proceeding because of "improper venue." The Bank admits this pleading is not a true plea of privilege and concedes that a plea of privilege, under *Tex.R.Civ.P. 86,* would be ineffective to assert the provisions of the National Bank Act, 12 U.S.C.A. § 94, in that such plea can only be effective to transfer a case from one county in Texas to another county in Texas. Under our Texas procedure there is no method by which to raise a question of venue except by way of plea of privilege. *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 489 (Tex.1967).

Even if this special appearance, wherein "improper venue" is set forth, could be considered a proper plea for raising the venue question, this matter was waived by the filing of the original answer by the Bank. *Westbrook v. Bradford,* 429 S.W.2d 638 (Tex.Civ.App.—Austin 1968, writ dism'd); *McCay v. Arnold Company,* 328 S.W.2d 890 (Tex.Civ.App.—Waco 1959, no writ); *Ware v. Texboro Cabinet Corporation,* 350 S.W.2d 47 (Tex.Civ.App.—Texarkana 1961, writ dism'd); *Dyer v. Metallic Building Company,* 405 S.W.2d 119 (Tex.Civ.App.—Eastland 1966, no writ); *Livingston v. Gage,* 581 S.W.2d 187 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.).

Under the facts of this case, the Bank has effectively waived the question of in personam jurisdiction and venue, and the trial court was in error in dismissing this cause of action as against the Bank.

The judgment of the trial court in dismissing this cause as to the Bank is reversed, and the cause is remanded for trial upon the merits. The judgment as to Tim Putnam is affirmed.

REVERSED and REMANDED in part, and AFFIRMED in part.