NUMBER 13-99-753-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


AMBASSADOR MEDICAL, INC., Appellant,


v.



JORGE ARREDONDO CAMACHO, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Yañez



 

 Appellant, Ambassador Medical, Inc. ("Ambassador"), an Indiana
corporation, appeals an interlocutory order(1) by the trial court denying its
special appearance. In two issues, Ambassador contends the trial court
erred in overruling its special appearance because: (1) the only evidence
before the court negated all bases of personal jurisdiction over
Ambassador, and (2) Ambassador had insufficient contacts with Texas
to support the exercise of either general or specific jurisdiction as a
matter of law. Prior to filing its special appearance, Ambassador filed
an answer, thereby making a general appearance. We therefore find
Ambassador waived any objection to jurisdiction and affirm the trial
court's judgment.

Factual and Procedural Background


 On May 21, 1999, appellee, Dr. Jorge Camacho ("Camacho") filed
suit against Ambassador and others,(2) alleging breach of contract, fraud,
and violations of the Texas Deceptive Trade Practices-Consumer
Protection Act(3) arising out of the sale of certain medical equipment. 
Camacho claims he agreed, through Jesus Moore III ("Moore"),
allegedly acting as Ambassador's agent, to purchase the equipment,
but the equipment was not delivered as agreed. On June 28, 1999,
Ambassador filed two separate documents by facsimile transmission:
(4) a special appearance and an answer. The answer, which recited it
was "subject to [Ambassador's] previously filed Special Appearance,"
was file-stamped June 28 at 11:18 a.m.; the special appearance was
file-stamped the same date at 11:26 a.m. The special appearance,
supported by affidavit, states Ambassador is a non-resident, maintains
no registered agent or place of business in Texas, has no employees,
servants or agents in Texas, and has neither engaged in business nor
committed any tort in Texas. 

 On August 17, 1999, the trial court held a hearing on
Ambassador's motion objecting to jurisdiction. At the conclusion of the
hearing, the court requested the parties to submit briefs within ten
days. Ambassador filed a letter brief on August 18, 1999; Camacho
filed a letter brief on August 27, 1999. Attached to Camacho's brief
was a copy of a letter to Camacho's attorney stating the medical
equipment was to be delivered to Moore in Brownsville, Texas on a
certain date. The letter was printed on paper bearing Ambassador's
letterhead and signed by an individual identified as a "sales
representative." Camacho contends the letter establishes that, contrary
to its denial, Ambassador has "engaged in business" in Texas. 

 On August 31, 1999, Ambassador filed a reply brief, with an
attached affidavit of Tina Jasso, a legal assistant at the law office of
Ambassador's counsel. The affidavit stated that on June 28th, Jasso
filed Ambassador's special appearance by facsimile transmission at
9:12 a.m., confirmed its receipt with the district clerk's office by
telephone, and then filed the answer by facsimile at 9:49 a.m. The
affidavit further stated that upon returning to her desk, Jasso noticed
the confirmation sheet on the special appearance indicated the clerk's
office had received only three pages, instead of the correct total of eight
pages. Jasso claims she then called the clerk's office again, and was
assured all eight pages had been received. Out of an abundance of
caution, however, she then made four additional attempts to re-transmit
the document: at 9:59 a.m., 10:14 a.m., 11:10 a.m., and 11:28 a.m. 
On October 28, 1999, the trial court overruled Ambassador's motion,
and this interlocutory appeal followed.

 Camacho contends Ambassador waived any objection to
jurisdiction because the 11:18 a.m. file-stamp on the answer shows it
was filed before the 11:26 a.m. filing of the special appearance, and
thus constituted a general appearance. In the alternative, Camacho
argues the trial court's denial of Ambassador's special appearance is
proper because the exercise of jurisdiction over Ambassador is
consistent with the Texas jurisdictional test and the due process clause.

Standard of Review

 When performing a factual sufficiency review regarding a special
appearance, this Court will review all of the evidence before the trial
court on the question of jurisdiction. Hotel Partners v. KPMG Peat
Marwick, 847 S.W.2d 630, 632 (Tex. App.--Dallas 1993, writ denied).
We review the evidence in the light most favorable to the trial court's
ruling. Clark v. Noyes, 871 S.W.2d 508, 511 (Tex. App.--Dallas 1994,
no writ). A trial court is entitled to draw reasonable inferences from the
evidence before it. Hotel Partners, 847 S.W.2d at 632.

 When a trial court overrules a special appearance, the defendant
should request findings of fact under Texas Rule of Civil Procedure 296. 
Runnels v. Firestone, 746 S.W.2d 845, 849 (Tex. App.--Houston [14th
Dist.]), writ denied per curiam, 760 S.W.2d 240 (Tex. 1988). When, as
here, the trial court does not file findings of fact with regard to a special
appearance, all questions of fact are presumed to support the judgment.
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Garner v.
Furmanite Australia Pty., Ltd., 966 S.W.2d 798, 802 (Tex. App.--Houston [1st Dist.] 1998, writ denied). A reviewing court must affirm
if the judgment can be upheld on any legal theory supported by the
evidence. Happy Indus. Corp. v. American Specialties, Inc., 983 S.W.2d
844, 847 (Tex. App.--Corpus Christi 1998, no writ). This is so
regardless of whether the trial court articulates the correct legal reason
for the judgment. Harrington v. Railroad Comm'n, 375 S.W.2d 892, 895
(Tex. 1964); Fish v. Tandy Corp., 948 S.W.2d 886, 891-92 (Tex. App.--Fort Worth 1997, pet. denied); Marifarms Oil & Gas, Inc. v. Westhoff,
802 S.W.2d 123, 125 (Tex. App.--Fort Worth 1991, no writ). 

Applicable Law


 Special appearances are governed by rule 120a of the rules of civil
procedure. Rule 120a provides in part: 

Notwithstanding the provisions of rules 121,(5) 122(6) and 123(7),
a special appearance may be made by any party either in
person or by attorney for the purpose of objecting to the
jurisdiction of the court over the person or property of the
defendant on the ground that such party or property is not
amenable to process issued by the court of this State. . .
Such special appearance shall be made by sworn motion
filed prior to motion to transfer venue or any other plea,
pleading or motion; provided however, that a motion to
transfer venue and any other plea, pleading, or motion may
be contained in the same instrument or filed subsequent
thereto without waiver of such special appearance; and may
be amended to cure defects. . . Every appearance, prior to
judgment, not in compliance with this rule is a general
appearance.


Tex. R. Civ. P. 120a(1).


 A defendant challenging personal jurisdiction through a special
appearance must strictly comply with rule 120a. Clements v. Barnes,
822 S.W.2d 658, 659 (Tex. App.--Corpus Christi 1991), rev'd on other
grounds, 834 S.W.2d 45 (Tex. 1992); International Turbine Serv. v.
Lovitt, 881 S.W.2d 805, 808 (Tex. App.--Fort Worth 1994, writ denied);
Slater v. Metro Nissan, 801 S.W.2d 253, 254 (Tex. App.--Fort Worth
1990, writ denied). 

 A defendant's answer constitutes an appearance so as to dispense
with the necessity for the issuance or service of citation upon him. Tex.
R. Civ. P. 121; Gonzalez v. Phoenix Frozen Foods, Inc., 884 S.W.2d 587,
589 (Tex. App.--Corpus Christi 1994, no writ). By filing an answer, a
defendant submits himself to the jurisdiction of the court, even if he
was not amenable to process at the time of service. West v. City Nat'l
Bank of Birmingham, 597 S.W.2d 461, 464 (Tex. Civ. App.--Beaumont
1980, no writ). 

 The government code provides district courts may, with approval
by the supreme court, adopt local rules governing the electronic filing
of documents. The applicable sections provide as follows:
§ 51.803. Supreme Court Regulation and Approval 

(a) The supreme court shall adopt rules and procedures to
regulate the use of electronic copying devices for filing in the
courts. 
(b) An instrument may only be filed as provided by this
subchapter if the district, county, or court of appeals has
established a system for receiving electronically transmitted
information from an electronic copying device, and the
system has been approved by the supreme court. A district
or county clerk or clerk of a court of appeals who believes
there is justification for use of an electronic filing system in
the clerk's office must request approval of the system from
the supreme court. The supreme court shall approve or
disapprove the system and may withdraw approval any time
the system does not meet its requirements. 


§ 51.807. Local Rules 

(a) The courts of a county may adopt local rules that govern
the transmission and receipt of documents or reports stored
or created in digital electronic or facsimile form and that
provide for recognition of those documents as the original
record for file or for evidentiary purposes.

 
(b) The rules shall be submitted to the supreme court for
review and adoption as a part of the overall plan or
procedure for the electronic filing of documents. 


Tex. Gov't Code Ann. §§ 51.803-805, 51.807 (Vernon 1998).

 By order signed May 31, 1991, the supreme court approved the
"Adoption of Rules for Cameron County for Receiving and Filing
Electronically Transmitted Court Documents." The local rules provide
in pertinent part:

5. An electronically transmitted document accepted for filing
will be recognized as the original record for file or for
evidentiary purposes when it bears the clerk's official date
and time file stamp.

. . . .

9. The clerk upon receipt of an electronically transmitted
document shall verify the completeness of the transmission.


10. Thereafter, the documents tendered electronically shall
be deemed accepted for filing and the clerk shall affix the
clerk's official date and time file stamp to the document.


11. If the transmission is found to be incomplete or court
costs or fees, if required, are not paid, the clerk will notify the
sender as soon as practicable that the transmission has not
been filed and the reason.


12. After filing an electronically transmitted document the
clerk will electronically transmit to the sender an
acknowledgment of the filing, together with cost receipt, if
any. 

. . . .

14. Electronic transmission of a document does not
constitute filing. Filing is complete when the clerk's official
date and time file stamp is affixed to the document. 


15. Each page of any document received by the clerk will be
automatically imprinted with the date and time of receipt. 
The date and time imprinted on the last page of a document
will determine the time of receipt but not time of filing.


See Cameron County (Texas) Loc. R. 5, 9,19,11, 12, 14, 15. Supreme
Court Order of May 31, 1991, Misc. Docket No. 90-0045, recorded in
Minutes of the District Courts of Cameron County, Vol. 339, page 956.

Discussion


 The general rule is that an instrument is deemed legally filed at the
time it is left with the clerk, regardless of whether or not a file mark is
placed on the instrument and regardless of whether the file mark gives
some other date of filing. See Jamar v. Patterson, 868 S.W.2d 318, 319
(Tex. 1993); Texas Workers' Compensation Comm'n v. Hartford
Accident & Indem. Co., 952 S.W.2d 949, 952 (Tex. App.--Corpus Christi
1997, writ denied); Strawder v. Thomas, 846 S.W.2d 51, 58 (Tex.
App.--Corpus Christi 1992, no writ).

 Ambassador relies on Patterson in support for its argument that
the special appearance was deemed legally filed when tendered by
facsimile to the clerk, and that the actual file-stamps on the documents
are not controlling. It points to Jasso's affidavit as evidence the special
appearance was filed prior to the answer. Ambassador also offers a
hypothetical scenario as an explanation for why the answer bears an
earlier file-stamp than the special appearance. According to
Ambassador, the deputy clerk "must have" inadvertently file-stamped
one of the several subsequently-faxed versions of the special
appearance instead of the original, which had been in the clerk's control
since it was faxed at 9:12 a.m. Ambassador further notes the court's
docket sheet shows the special appearance and answer filed on the
same day, June 28, 1999, but lists the special appearance first.

 In support of the contention that Ms. Jasso made several
attempts, after discovering the confirmation sheet, to fax the eight-page
special appearance to the clerk's office, Ambassador attached copies of
three fax transmittal slips to Ms. Jasso's affidavit. All show
transmissions on the morning of June 28, 1999. The first shows
transmission of three pages, and reflects a "start time" of 9:09 a.m. 
The second shows transmission of five pages, with a "start time" of
9:56 a.m. The third shows transmission of six pages, with a "start
time" of 10:10 a.m. Because the transmittal slips do not identify
documents, but merely reflect that some documents were transmitted
at the times reflected on the slips, we conclude they are irrelevant for
evidentiary purposes. 

 The record shows that Ambassador's special appearance bears
the following fax transmittal information at the top of the page: "Jun-28-99 Mon 11:26 Dale & Klein(8) Fax No. 9566872416 P.03." Page two
of the special appearance bears the same notation, except the time
states "11:27" and the page number reflects "P.04." Similarly, page
three is marked "11:27" and "P.05;" page four is marked "11:27" and
"P.06." As noted, the special appearance is file-stamped June 28, 1999
at 11:26 a.m.; the clerk's stamp is signed "Jennifer Reyes, Deputy."

 At the top of the page of Ambassador's original answer, the
following fax transmittal notation appears: "Jun-28-99 Mon 11:18 Dale
& Klein Fax No. 9566872416 P.03." Page two of the answer shows
"11:18" and "P.04." The answer is file-stamped June 28, 1999 at 11:18
a.m. and the clerk's stamp is signed "Jennifer Reyes, Deputy."

 Rule 120a mandates strict compliance. Tex. R. Civ. P. 120a; Morris
v. Morris, 894 S.W.2d 859, 862 (Tex. App.--Fort Worth 1995, no writ). 
"Once a party enters an appearance by filing an answer without
challenging jurisdiction, he is before the court for all purposes." Id.
(citing West, 597 S.W.2d at 464). 

 We hold the evidence shows that by filing an answer prior to filing
its special appearance, Ambassador made a general appearance and
thereby waived any objection to jurisdiction. Tex. R. Civ. P. 120a. 

 Because of our disposition of the special appearance, we need not
discuss Ambassador's remaining issues.

 We AFFIRM the trial court's judgment overruling the special
appearance.



 _____________________________

 LINDA REYNA YAÑEZ

 Justice


Publish.

Tex. R. App. P. 47.3


Opinion delivered and filed

this the 4th day of May, 2000.

1. This Court has jurisdiction to hear this interlocutory appeal pursuant to
section 51.014(a)(7) of the civil practices and remedies code. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(7) (Vernon Supp. 2000). 
2. Camacho alleges that a co-defendant, Jesus Moore III, acted as
Ambassador's agent. Moore is not involved in this appeal. 
3. Tex. Bus. & Com. Code Ann. §§ 17.41-63 (Vernon 1987 & Supp. 2000).
4. Pursuant to the government code, see Tex. Gov't Code Ann. §§ 51.803,
51.807 (Vernon 1998), the Texas Supreme Court, by Order signed on May 31, 1991,
approved the "Adoption of Rules for Cameron County for Receiving and Filing
Electronically Transmitted Court Documents". See Supreme Court Order of May 31,
1991, Misc. Docket No. 90-0045, recorded in Minutes of the District Courts of
Cameron County, Vol. 339, page 956. 
5. "An answer shall constitute an appearance of the defendant so as to dispense
with the necessity for the issuance or service of citation upon him." Tex. R. Civ. P. 121. 

6. "If the citation or service thereof is quashed on motion of the defendant, such
defendant shall be deemed to have entered his appearance at ten o'clock a.m. on the
Monday next after the expiration of twenty (20) days after the day on which the
citation or service is quashed, and such defendant shall be deemed to have been duly
served so as to require him to appear and answer at that time, and if he fails to do so,
judgment by default may be rendered against him." Tex. R. Civ. P. 122.
7. "Where the judgment is reversed on appeal or writ of error for the want of
service, or because of defective service of process, no new citation shall be issued or
served, but the defendant shall be presumed to have entered his appearance to the
term of the court at which the mandate shall be filed." Tex. R. Civ. P. 123. 
8. Dale & Klein, L.L.P is the name of the law firm representing Ambassador.