COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO. 2-05-0197-CV

 

 

LISA F. WALLACE, A DEVELOPMENTALLY                            APPELLANTS

DISABLED PERSON, BY AND THROUGH

HER NEXT FRIEND, STEPHEN P.

WALLACE; STEPHEN P. WALLACE,

INDIVIDUALLY AND ALL THOSE

SIMILARLY SITUATED

 

                                                   V.

 

JAMES DIMON, INDIVIDUALLY AND IN                                    APPELLEES

HIS OFFICIAL CAPACITY; WILLIAM

HARRISON, INDIVIDUALLY AND IN

HIS OFFICIAL CAPACITY; BANK ONE,

N.A., (FT. WORTH, TX); MARK
CLEMONS,

INDIVIDUALLY AND IN HIS OFFICIAL

CAPACITY; AND DOUG SHERRY,

INDIVIDUALLY AND IN HIS

OFFICIAL CAPACITY

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

                                                    

 








                                MEMORANDUM OPINION[1]

 

                                              ------------

Pro
se Appellant Stephen P. Wallace, acting on behalf of himself and Lisa F.
Wallace, appeals the trial court=s order transferring venue of this
lawsuit from Tarrant County, Texas to Tulsa County, Oklahoma.  In nine points,[2]
Appellants generally assert that the trial court erred on procedural and
evidentiary grounds, including a complaint that the trial court improperly granted
Appellees= motion to transfer venue.  We reverse and render.

BACKGROUND








Bank
One Trust Company, N.A. is the trustee for certain trusts naming Appellants as
beneficiaries.  In September 2003, Bank
One filed a petition in the Tulsa County District Court for guidance and
construction of a trust and requested the court to construe the Franklin A.
Wallace Revocable Trust.  On March 26,
2004, the Tulsa County District Court entered findings and made a final order
as to certain issues.  The court ordered
that it retains jurisdiction to address any issues regarding the administration
of the Frank A. Wallace Revocable Trust that might arise in the course of
fulfilling the requirements and directions set forth in its order.  In an order dated March 31, 2005, the Tulsa
County District Court prohibited and barred Stephen Wallace, individually or in
any other purported pro se representative capacity or on behalf of any other
entity or person, from ever filing any more lawsuits in any court other than
the Tulsa County District Court concerning the Frank A. Wallace Revocable
Trust. 

In
January 2005, Appellants filed a lawsuit in Tarrant County, Texas, alleging
breach of contract, breach of trust and fiduciary duties, and infliction of
emotional distress, and seeking an injunction, appointment of a receiver, and
an audit of the Franklin A. Wallace Revocable Trust.  In response, Appellees filed a motion to transfer venue to Tulsa
County, Oklahoma, under Texas Civil Practices and Remedies Code section
15.002(b) and a plea in abatement subject to the venue motion.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 15.002(b) (Vernon 2002).  The trial court held a hearing and granted
the motion to transfer venue to the Tulsa County District Court.  This appeal followed.

ADEQUACY
OF APPELLANTS= BRIEFING








Appellants
present nine points in this appeal; however, a listing of these points under
the subheading AArgument and Error of the Court@ constitutes Appellants= entire argument as to eight of
those points.  Appellants do not include
for our consideration any discussion, argument, or legal authorities on those
eight points. 

A
pro se litigant is held to the same standards as licensed attorneys and must
comply with applicable laws and rules of procedure.  Strange v. Continental Cas. Co., 126
S.W.3d 676, 677-78 (Tex. App.CDallas 2004, pet. denied), (citing
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978)), cert.
denied, 543 U.S. 1076 (2005).  The
rules of appellate procedure require Appellants= brief to contain Aa clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  An issue on appeal unsupported by argument
or citation to any legal authority presents nothing for the court to review,
nor can we speculate as to the substance of the specific issues Appellants
request that we address.  Strange,
126 S.W.3d at 678.  An appellate court
has no duty to perform an independent review of the record and applicable law to
determine whether the error complained of occurred.  Id.








Appellants= brief provides us with nothing more than a list of these
eight points on appeal, advances no discussion or argument on these points, and
fails to reference any legal authorities to support their position on
appeal.  Because these contentions are
inadequately briefed, they are waived, and we will not address them.  See Tex.
R. App. P. 38.1; Shelton v. Sargent, 144 S.W.3d 113, 129 (Tex.
App.CFort Worth 2004, pet.
denied).  Therefore, we overrule points
A through G and I. 

VENUE

In
their eighth point (designated H), Appellants assert that the trial court Aerred by assuming jurisdiction to transfer the case to
another state court.@ 
We construe this point to be Appellants= contention that the trial court
erred in transferring venue from a Texas state court to a court of another
state.[3]       Without
referencing any specific legal authority, the trial court granted Appellees= motion and transferred venue to the Tulsa County District
Court in Oklahoma.  Usually, we must affirm
a general order of the trial court if any ground in the accompanying motion is
meritorious.  Garza v. Garcia,
137 S.W.3d 36, 37 (Tex. 2004). 








Appellees
initially argue that transfer was proper under provisions in the civil practice
and remedies code and the property code. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 15.002(b); Tex. Prop. Code Ann. ' 115.002(d) (Vernon Supp. 2005).  Civil practice and remedies code section 15.002(b) permits the
trial court to transfer a case from one county to another county of proper
venue Afor the convenience of the parties
and witnesses and in the interest of justice....@ Tex.
Civ. Prac. & Rem. Code Ann. ' 15.002(b).  Property code section 115.002(d) permits the
trial court to transfer a case from one county of proper venue to another
county of proper venue for Ajust and reasonable cause.@  Tex. Prop. Code Ann. ' 115.002(d). 

Appellees
do not cite any authority that construes either of these statutes to permit a
trial court to transfer venue to a court of another state, and we have
not found any such authority. 
Appellants, on the other hand, cite two cases in support of their
contention that transferring venue to another state would be improper under the
two cited statutes:  Tieuel v.
Southern Pac. Transp., 654 S.W.2d 771, 774 n.1 (Tex. App.CHouston [14th Dist.] 1983, no writ) (stating that trial
court had no authority to transfer case to a parish in Louisiana under former
plea of privilege statutes); and West v. City Nat=l Bank of Birmingham, 597 S.W.2d 461, 464 (Tex. App.CBeaumont 1980, no writ) (noting that former plea of
privilege rule is only effective to transfer case from one county in Texas to
another county in Texas).  We conclude
that neither of the two statutes relied upon by Appellees provides authority
for a trial court to transfer the case to a court in another state. 








However,
the doctrine of forum non conveniens has also been asserted by Appellees.  Forum non conveniens is an equitable
doctrine exercised when a court determines that, for convenience and the
interest of justice, an action should instead be instituted in another forum,
commonly because nonresident claimants are asserting claims that arose outside
the state and will require application of foreign law.  See Flaiz v. Moore, 359 S.W.2d 872, 874‑75
(Tex. 1962); Yoroshii Invs. (Mauritius) PTE. Ltd. v. BP Int=l Ltd., 179 S.W.3d 639, 643-46 (Tex. App. CEl Paso 2005, no pet.) (explaining
in detail the factors that must be proven concerning forum non conveniens); A.P.
Keller Dev., Inc. v. One Jackson Place, Ltd., 890 S.W.2d 502, 505 (Tex.
App.CEl Paso1994, no writ).  When a trial court determines that the
doctrine of forum non conveniens applies, the appropriate action to take is to
dismiss the case without prejudice.  See
Harris County v. Sykes, 136 S.W.3d 635, 641 (Tex. 2004) (Brister, J.,
concurring) (noting that a dismissal based upon forum non conveniens must be a
dismissal without prejudice). 








Therefore,
when the trial court in the instant case determined that the doctrine of forum
non conveniens required that the dispute between the parties should be
instituted in another forum, Oklahoma, it should have dismissed Appellants= case without prejudice. 
We hold that the trial court erred in transferring the case to the Tulsa
County District Court, rather than dismissing the case without prejudice.  We sustain Appellants= point H.  We deny
Appellants= request for sanctions. 

CONCLUSION

We
reverse the judgment of the trial court and render judgment that Appellants= case in the trial court is dismissed without
prejudice.  See Tex. R. App. P. 43.2(c).

PER CURIAM

PANEL A:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  March 23, 2006











[1]See Tex. R.
App. P. 47.4.





[2] When enumerating their points,
Appellants use the letter designations A through I.  Accordingly, this is how we will refer to their points in our
opinion. 





[3]Appellants assert that Appellees
waived their right to complain about improper venue by failing to enter a
special appearance.  A special
appearance is not the means to challenge venue, but rather the means to challenge
personal jurisdiction.  See Tex. R. Civ. P. 120a (stating that a
special appearance may be made . . . for the purpose of objecting to the
jurisdiction of the court over the person or property of the defendant . . .@).