WALLACE, ET AL. v. DIMON, ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-0197-CV

LISA F. WALLACE, A DEVELOPMENTALLY APPELLANTS

DISABLED PERSON, BY AND THROUGH

HER NEXT FRIEND, STEPHEN P.

WALLACE; STEPHEN P. WALLACE,

INDIVIDUALLY AND ALL THOSE

SIMILARLY SITUATED

V.

JAMES DIMON, INDIVIDUALLY AND IN APPELLEES

HIS OFFICIAL CAPACITY; WILLIAM

HARRISON, INDIVIDUALLY AND IN

HIS OFFICIAL CAPACITY; BANK ONE,

N.A., (FT. WORTH, TX); MARK CLEMONS,

INDIVIDUALLY AND IN HIS OFFICIAL

CAPACITY; AND DOUG SHERRY,

INDIVIDUALLY AND IN HIS

OFFICIAL CAPACITY

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pro se Appellant Stephen P. Wallace, acting on behalf of himself and Lisa F. Wallace, appeals the trial court’s order transferring venue of this lawsuit from Tarrant County, Texas to Tulsa County, Oklahoma.  In nine points,
(footnote: 2) Appellants generally assert that the trial court erred on procedural and evidentiary grounds, including a complaint that the trial court improperly granted Appellees’ motion to transfer venue.  We reverse and render.

BACKGROUND

Bank One Trust Company, N.A. is the trustee for certain trusts naming Appellants as beneficiaries.  In September 2003, Bank One filed a petition in the Tulsa County District Court for guidance and construction of a trust and requested the court to construe the Franklin A. Wallace Revocable Trust.  On March 26, 2004, the Tulsa County District Court entered findings and made a final order as to certain issues.  The court ordered that it retains jurisdiction to address any issues regarding the administration of the Frank A. Wallace Revocable Trust that might arise in the course of fulfilling the requirements and directions set forth in its order.  In an order dated March 31, 2005, the Tulsa County District Court prohibited and barred Stephen Wallace, individually or in any other purported pro se representative capacity or on behalf of any other entity or person, from ever filing any more lawsuits in any court other than the Tulsa County District Court concerning the Frank A. Wallace Revocable Trust. 

In January 2005, Appellants filed a lawsuit in Tarrant County, Texas, alleging breach of contract, breach of trust and fiduciary duties, and infliction of emotional distress, and seeking an injunction, appointment of a receiver, and an audit of the Franklin A. Wallace Revocable Trust.  In response, Appellees filed a motion to transfer venue to Tulsa County, Oklahoma, under Texas Civil Practices and Remedies Code section 15.002(b) and a plea in abatement subject to the venue motion.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.002(b) (Vernon 2002).  The trial court held a hearing and granted the motion to transfer venue to the Tulsa County District Court.  This appeal followed.

ADEQUACY OF APPELLANTS’ BRIEFING

Appellants present nine points in this appeal; however, a listing of these points under the subheading “Argument and Error of the Court” constitutes Appellants’ entire argument as to eight of those points.  Appellants do not include for our consideration any discussion, argument, or legal authorities on those eight points. 

A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. 
 Strange v. Continental Cas. Co.
, 126 S.W.3d 676, 677-78 (Tex. App.—Dallas 2004, pet. denied), (citing
 Mansfield State Bank v. Cohn
, 573 S.W.2d 181, 184-85 (Tex. 1978)), 
cert. denied
, 543 U.S. 1076 (2005).  The rules of appellate procedure require Appellants’ brief to contain “a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.”  
Tex. R. App. P.
 38.1(h).  An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review, nor can we speculate as to the substance of the specific issues Appellants request that we address.  
Strange
, 126 S.W.3d at 678.  An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred.  
Id.

Appellants’ brief provides us with nothing more than a list of these eight points on appeal, advances no discussion or argument on these points, and fails to reference any legal authorities to support their position on appeal.  Because these contentions are inadequately briefed, they are waived, and we will not address them.  
See
 
Tex. R. App. P.
 38.1; 
Shelton v. Sargent
, 144 S.W.3d 113, 129 (Tex. App.—Fort Worth 2004, pet. denied).  Therefore, we overrule points A through G and I. 

VENUE

In their eighth point (designated H), Appellants assert that the trial court “erred by assuming jurisdiction to transfer the case to another state court.”  We construe this point to be Appellants’ contention that the trial court erred in transferring venue from a Texas state court to a court of another state.
(footnote: 3)   Without referencing any specific legal authority, the trial court granted Appellees’ motion and transferred venue to the Tulsa County District Court in Oklahoma.  Usually, we must affirm a general order of the trial court if any ground in the accompanying motion is meritorious.  
Garza v. Garcia
, 137 S.W.3d 36, 37 (Tex. 2004). 

Appellees initially argue that transfer was proper under provisions in the civil practice and remedies code and the property code.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.002(b); 
Tex. Prop. Code Ann.
 § 115.002(d) (Vernon Supp. 2005).  Civil practice and remedies code section 15.002(b) permits the trial court to transfer a case from one county to another county of proper venue “for the convenience of the parties and witnesses and in the interest of justice....” 
Tex. Civ. Prac. & Rem. Code Ann.
 § 15.002(b).  Property code section 115.002(d) permits the trial court to transfer a case from one county of proper venue to another county of proper venue for “just and reasonable cause.”  
Tex. Prop. Code Ann.
 § 115.002(d). 

Appellees do not cite any authority that construes either of these statutes to permit a trial court to transfer venue to a court 
of another state
, and we have not found any such authority.  Appellants, on the other hand, cite two cases in support of their contention that transferring venue to another state would be improper under the two cited statutes: 
 Tieuel v. Southern Pac. Transp.
, 654 S.W.2d 771, 774 n.1 (Tex. App.—Houston [14th Dist.] 1983, no writ) (stating that trial court had no authority to transfer case to a parish in Louisiana under former plea of privilege statutes); and 
West v. City Nat’l Bank of Birmingham
, 597 S.W.2d 461, 464 (Tex. App.—Beaumont 1980, no writ) (noting that former plea of privilege rule is only effective to transfer case from one county in Texas to another county in Texas).  We conclude that neither of the two statutes relied upon by Appellees provides authority for a trial court to transfer the case to a court in another state. 

However, the doctrine of forum non conveniens has also been asserted by Appellees.  Forum non conveniens is an equitable doctrine exercised when a court determines that, for convenience and the interest of justice, an action should instead be instituted in another forum, commonly because nonresident claimants are asserting claims that arose outside the state and will require application of foreign law. 
 See Flaiz v. Moore
, 359 S.W.2d 872, 874-75 (Tex. 1962);
 Yoroshii Invs. (Mauritius) PTE. Ltd. v. BP Int’l Ltd.
, 179 S.W.3d 639, 643-46 (Tex. App. —El Paso 2005, no pet.) (explaining in detail the factors that must be proven concerning forum non conveniens); 
A.P. Keller Dev., Inc. v. One Jackson Place, Ltd.
, 890 S.W.2d 502, 505 (Tex. App.—El Paso1994, no writ).  When a trial court determines that the doctrine of forum non conveniens applies, the appropriate action to take is to dismiss the case without prejudice.  
See
 
Harris County v. Sykes
, 136 S.W.3d 635, 641 (Tex. 2004) (Brister, J., concurring) (noting that a dismissal based upon forum non conveniens must be a dismissal without prejudice)
. 

Therefore, when the trial court in the instant case determined that the doctrine of forum non conveniens required that the dispute between the parties should be instituted in another forum, Oklahoma, it should have dismissed Appellants’ case without prejudice.  We hold that the trial court erred in transferring the case to the Tulsa County District Court, rather than dismissing the case without prejudice.  We sustain Appellants’ point H.  We deny Appellants’ request for sanctions. 

CONCLUSION

We reverse the judgment of the trial court and render judgment that Appellants’ case in the trial court is dismissed without prejudice.  
See 
Tex. R. App. P.
 43.2(c).

PER CURIAM

PANEL A:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  March 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2: When enumerating their points, Appellants use the letter designations A through I.  Accordingly, this is how we will refer to their points in our opinion. 

3:
Appellants assert that Appellees waived their right to complain about improper venue by failing to enter a special appearance.  A special appearance is not the means to challenge venue, but rather the means to challenge personal jurisdiction. 
 See 
Tex. R. Civ. P.
 120a (stating that a special appearance may be made . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant . . .”).