## HIDALGO COUNTY DRAINAGE DIST. NO. 1 et al. v. MAGNOLIA PETROLEUM CO.

### No. 8765.

Court of Civil Appeals of Texas. San Antonio.

March 9, 1932.

Rehearing Denied April 6, 1932.

Griffin, Kimbrough & Cox, of McAllen, and Bryce Ferguson, of Edinburg, for plaintiffs in error.

C. K. Richards, of Brownsville, for defendant in error.

FLY, C. J.

This is an action initiated by defendant in error against Hidalgo county drainage district No. 1, and the county of Hidalgo, to recover the sum of $7,000, evidenced by seven warrants against the drainage district, which issued the warrants, and for a writ of mandamus as against the county to compel it to levy a tax on the district to provide for payment of the warrants. A trial resulted in a judgment on the warrants in the sum of $6,000, as against the drainage district, and in the issuance of a mandamus to Hidalgo county to levy a tax sufficient to pay off and discharge the amount of the warrants, interest, and attorney's fees. The evidence sustains the judgment.

The petition described the parties as: "Hidalgo County Drainage District No. 1, a corporation, duly created under the laws of the State of Texas, in Hidalgo County aforesaid, with Ben F. Tucker, M. B. Gore and C. E. Bryan as its duly and legally acting commissioners, and Hidalgo County, a corporation, duly created under the laws of the State of Texas, with A. W. Cameron as County Judge of said county, and W. D. Chaddick, Marvin Evans, S. M. Hargrove, and W. L. Lipscomb, as Commissioners of Precincts Nos. 1, 2, 3 and 4, respectively." This is undoubtedly a full and sufficient description of the parties sought to be affected by the suit, and a full compliance with the laws applicable to suits against municipal corporations. Process was prayed for against "defendant Hidalgo County Drainage District No. 1, and that for the purpose of service, service may be had by serving citation upon its three commissioners above named; and that citation issue to Hidalgo County, and for the purpose of service, citation may be served upon its present county judge and

members of the Commissioners' Court, as hereinbefore alleged." There is no question made as to the sufficiency of the citation to the county, but it is claimed that the citation to the drainage district, which commanded the sheriff "to summon Ben F. Tucker, M. B. Gore and C. E. Bryan, to be and appear before the Honorable 93rd District Court of Hidalgo County, Texas, at the next regular term thereof to be holden at the Court House in Edinburg, on the 1st Monday in September, 1930, the same being the 1st day of September, A. D. 1930, then and there to answer the Plaintiff's Petition, filed in a suit in said Court on the 4th day of August, A. D. 1930, wherein Magnolia Petroleum Company is Plaintiff, and Hidalgo County Drainage District No. 1, Ben F. Tucker, M. B. Gore and C. E. Bryan, its commissioners, * * * are Defendants was not sufficient."

The citation to the drainage district was probably technically insufficient, but no objection was urged to it in the district court, and an answer was filed by an attorney for the district, although the citation was served on only two of the three commissioners. The service of the citation on the county was possibly not technically correct, but an answer was filed for it by an attorney. The authority of the attorney to represent the county and the district was not assailed in the trial court, but for the first time in this court. As in any other case, the presumption of law is that the attorney appearing for a party is duly authorized, and such presumption will prevail until it has been conclusively shown that the attorney was not authorized to appear for the litigant. Any other presumption would be revolutionary and subversive of our system of trial procedure. There can be no valid reason why a corporation imperfectly cited, or even not cited at all, could not waive service and instruct an attorney to appear for and file an answer for it. No valid argument can be urged against the exercise of such power, and when an attorney appears for such corporation it will be presumed that the attorney was duly authorized. If such authority must be established by evidence in the trial court, an appellate court might, with the same propriety, demand proof that attorneys appearing before it had been duly commissioned in a writing under seal to appear. The propositions assailing the right of the corporations to waive service through an attorney are overruled.

The petition was full and sufficient, and would have been unassailable through a special exception embodying the technical objections urged against it in this court. The general demurrer was not urged against the petition in the trial court, but was waived, and it was only after reaching this court that the discovery was made that the petition is so intrinsically and fundamentally insufficient that it would not support a judgment. The object of the allegations in a petition is to inform the defendant of what is demanded of him, and the petition in this case clearly states the cause of action even in a more voluminous manner than would be required in a model pleading. Plaintiffs in error seem to labor under the impression that the petition must not only lay down the line of its attack, but also must meet every possible defense that might possibly be presented by a versatile, ingenious, and aggressive opponent.

The warrants were properly identified and indeed there was not and could not be any question as to their identity. There was no plea of non est factum and no other attack on the warrants which the drainage district had bound itself to pay.

If it be admitted that the judgment should not have provided for an execution, it did not and cannot in any way injure plaintiffs in error. The provision was placed in the judgment inadvertently, but was approved by the well-known honorable attorney who represented plaintiffs in error in the trial court.

There is some confusion among the decisions in Texas as to whether a county or any district has the authority to contract for payment of attorney's fees in case of default of payment of warrants issued by such political division. The tendency of the decisions seems to be, however, towards holding that the provision in a warrant for attorney's fees is invalid. The agreement to pay interest is upheld, but in deference to the trend of several decisions we hold that the judgment for attorney's fees cannot be sustained. Davis v. Burney, 58 Tex. 364; San Patricio County v. McClane, 58 Tex. 243; Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373; So. Surety Co. v. Lafferty (Tex. Civ. App.) 43 S.W.(2d) 460; Tyler v. Shelby County (C. C. A.) 47 F.(2d) 103.

The judgment does not name the amount of the attorney's fees, and this court is not in a position to eliminate any positive sum from the judgment, but we hold that no attorney's fees can be collected under the judgment, and that in affirming the judgment attorney's fees are excluded therefrom.

The judgment is affirmed.