

## Fourth Court of Appeals

### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00641-CV

Quoc Tran Duy **PHAN**,
Appellant

v.

Rodolfo Pena **QUESADA** D/B/A Allright Construction and Allright Construction, LLC,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-22714
Honorable Cynthia Marie Chapa, Judge Presiding[1]

Opinion by:    Irene Rios, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 4, 2024

AFFIRMED

Following a post-answer default judgment, pro se appellant Quoc Tran Duy Phan ("Quoc")

filed a motion for new trial contending he was never served with the lawsuit and did not hire or

authorize counsel who filed a joint answer on his and his brother's behalf. In three issues, Quoc

---

[1] While this appeal arises from the 288th Judicial District Court, Bexar County, Texas, with the Honorable Cynthia Marie Chapa presiding, the final judgment at issue was rendered by the Honorable Christine Hortick.

claims the trial court erred by not conducting an evidentiary hearing on his motion for new trial and in denying his motion. We affirm.

## BACKGROUND

Quoc owned a rental house in San Antonio, Texas, that sustained damage from a fire in early 2019. After filing an insurance claim for the loss, appellee Rodolfo Pena Quesada d/b/a Allright Construction and Allright Construction, LLC (collectively "Allright"), was hired to repair the house. In repairing the house and collecting payment, Allright dealt with Quoc and his brother, Trim Phan ("Trim"), who acted on behalf of Quoc. Following an apparent breakdown in the relationship between the parties in November 2019, Allright was locked out of the house unable to finish the repairs or collect the remaining payments. Allright filed a mechanic's lien against the property in November 2019, and then its original petition in November 2020 seeking a judgment for judicial foreclosure on the property. According to Allright, shortly after filing its original petition, it discovered Quoc had transferred the house to Trim, who designated the house as his homestead.

Trim was served with citation on December 7, 2020; Quoc was not served. In response to the lawsuit, counsel at The Cromeens Law Firm, PLLC (the "law firm"), timely filed an answer and counterclaims on behalf of Quoc and Trim. Allright moved for a no-evidence summary judgment on Quoc's and Trim's counterclaims, and the trial court granted Allright's motion, dismissing the counterclaims.

Before Allright filed its motion for summary judgment, the law firm sent a letter to Quoc on December 12, 2022, stating the following:

> The purpose of this letter is to inform you of our intent to withdraw as legal counsel for you[.] On about November 20, 2020, the opposing party[,] filed a lawsuit against you and [Trim] regarding the construction and/or renovation of the home located [in] San Antonio[.] On or about December 8, 2020, [the law firm]

entered into a fee agreement for legal representation with [Trim], to represent him in the [lawsuit] regarding the construction and renovation of the [home]. On December 21, 2020, [the law firm] filed an answer and counterclaims on behalf of [Trim] and yourself to defend against the lawsuit filed against you.

Up until this phase of litigation, we have only received communications and payments for legal services from [Trim]. As litigation progresses, the opposing party's legal counsel has begun requesting to conduct additional discovery, including depositions for both you and [Trim]. The deposition would require you to be physically present at the opposing counsel's office in San Antonio.

If you wish for us to continue representing you in this matter, we need a response from you indicating that you wish for our legal representation to continue. *If we do not receive a response from you within seven (7) days from receipt of this letter, we will move forward with filing a Motion to Withdraw as counsel with the Bexar County Civil District Court. . . .*

Claiming Quoc did not respond to its letter, the law firm subsequently filed its motion to withdraw as counsel for Trim and Quoc. The trial court granted the law firm's request to withdraw on March 9, 2023. On March 27, 2023, the trial court called the case for trial. Quoc did not appear. Allright nonsuited Trim on March 30, 2023, and the trial court subsequently granted Allright a post-answer default judgment against Quoc, awarding Allright damages, interest, attorney's fees, and costs.

Quoc timely filed his pro se motion for new trial arguing he was never served with the lawsuit, and he did not hire or authorize the law firm to file an answer on his behalf. In addition to verifying his motion for new trial, Quoc attached his affidavits and an affidavit from Trim. At that time, Quoc also filed with the district clerk's office a written request for an oral hearing on his motion for new trial. Two months later but prior to the trial court losing its plenary power, Quoc filed a letter with the district clerk's office addressed to the Honorable Cynthia Marie Chapa[2] again requesting an oral hearing. Quoc provided two dates in the letter on which he was available for a

---

[2] We note that the Honorable Cynthia Marie Chapa is the elected judge of the 288th Judicial District Court of Bexar County, Texas, and is the designated court assigned to the suit when Allright filed it. However, the Honorable Christine Hortick rendered the final post-answer default judgment on March 30, 2023.

hearing. Allright filed a response to Quoc's motion for new trial refuting his claims. In turn, Quoc filed a reply to Allright's response.

Quocs's motion for new trial was overruled by operation of law. Quoc appeals.

### QUOC'S APPELLATE ISSUES

In his first issue, Quoc contends the trial court erred by not conducting an evidentiary hearing on his motion for new trial. Next, we construe Quoc's second and third issues as challenging the denial of his motion for new trial because he was not served, and his due process rights were implicated when counsel filed pleadings on his behalf without authority.

### HEARING ON MOTION FOR NEW TRIAL

In his first issue, Quoc argues the trial court erred in failing to conduct a hearing on his motion for new trial after he filed two written requests for a hearing.

"'[W]hen a movant for new trial from a default judgment makes no effort to have [his] motion set for a hearing or otherwise to draw the trial court's attention to [his] motion, and the movant allows the motion to be overruled by operation of law, the trial court does not abuse its discretion in permitting [his] motion to be overruled by operation of law.'" *R & G Transp., Inc. v. Fleetmatics*, No. 01-14-00891-CV, 2016 WL 268553, at *2 (Tex. App.—Houston [1st Dist.] Jan. 21, 2016, no pet.) (mem. op.) (alterations in the original) (quoting *James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 593–94 (Tex. App.—Dallas 2010, no pet.)); *see also Cumberland Surgical Hosp. of San Antonio, LLC v. CCA Fin., LLC*, No. 04-19-00354-CV, 2019 WL 6499224, at *3 (Tex. App.—San Antonio Dec. 4, 2019, no pet.) (mem. op.). "This is because when a motion for new trial requires the exercise of discretion, a trial court must be afforded the opportunity to exercise that discretion before a court of appeals may hold that it was abused." *Fleetmatics*, 2016 WL 268553, at *2; *see Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank at Dall*., 703

S.W.2d 356, 358 (Tex. App.—Dallas 1985, no writ) (explaining "[t]rial judges have a heavy load of trials and contested motions," "cannot be expected to examine *sua sponte* all papers filed in their courts," and "must rely on counsel to see that motions are set for hearing"); *see also Cumberland*, 2019 WL 6499224, at *3.

Here, Quoc's first request for an oral hearing did not provide any date for a hearing and instead asked the court to set the hearing. Although it provided his possible availability, Quoc's second request for an oral hearing was simply a letter to the presiding judge of the 288th District Court. Both requests were filed with the district clerk. The local rules for Bexar County, however, required Quoc to do more than merely file his requests with the district clerk's office. *See Doss v. Robinson*, No. 04-16-00560-CV, 2017 WL 2124488, at *3 & n.2 (Tex. App.—San Antonio May 17, 2017, no pet.) (mem. op.). Civil courts expect litigants either to set motions for a hearing or to set them for submission without a hearing, and civil courts have local rules governing this process. *See* TEX. R. CIV. P. 3a (providing authority to make local rules for civil cases in trial courts).

With respect to motions to set aside a default judgment, the Bexar County local rules require the hearing be set by motion setting "a specific date and time" "before the judge who granted the judgment" "and serving a copy of the motion and a conformed copy of the order on all other parties." BEXAR CNTY. (TEX.) CIV. DIST. CT. LOC. R. 5.A., 7.B. The longstanding position of the Texas Supreme Court directs that "pro se litigants are not exempt from the rules of procedure." *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

Nothing in the record shows Quoc followed the procedures in the local rules to obtain a hearing on his motion for new trial. He did not file a motion setting a specific date and time for the hearing before the Honorable Christine Hortick, the judge who granted the post-answer default judgment. Therefore, we cannot conclude the trial court abused its discretion in permitting Quoc's motion for new trial to be overruled by operation of law. *See Cumberland*, 2019 WL 6499224, at *3.

Quoc's first issue is overruled.

### STANDARD OF REVIEW AND APPLICABLE LAW REGARDING MOTIONS FOR NEW TRIAL

We review the denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

To obtain a new trial after a default judgment, a defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) the granting of a new trial will not cause delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines Inc.*, 133 S.W.2d 124, 126 (Tex. 1939); *see B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023) (setting forth *Craddock* elements). The *Craddock* rule applies to no-answer and post-answer default judgments. *See Dolgencorp*, 288 S.W.3d at 926; *Craddock*, 133 S.W.2d at 126. If a defendant meets all three elements of *Craddock*, a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926; *see also Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992) (holding that "[a]n adjudication on the merits is preferred in Texas").

The first element of *Craddock* is satisfied when the defendant's factual assertions, "if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 310 (Tex. 2012). In determining whether the defendant's factual assertions are controverted, a court looks to all the evidence in the record. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006). Consciously indifferent conduct occurs when the defendant knew he was sued but did not care. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). "Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.'" *Id.* (quoting *In re R.R.*, 209 S.W.3d at 115). A defendant's failure to respond "must arise from more than mere negligence, and the element of conscious indifference can be overcome by a reasonable explanation." *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). "[A]n excuse can be reasonable if it is based on a mistake of law that led to an intentional act." *Id.* Proof of justification, accident, mistake, or other reasonable explanation for the defendant's failure to file an answer negates intent or conscious indifference. *Anderson v. Anderson*, 282 S.W.3d 150, 153 (Tex. App.—El Paso 2009, no pet.).

With respect to the second *Craddock* element—setting up a meritorious defense—the defendant must "allege[] facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Dolgencorp*, 288 S.W.3d at 928. Controverting evidence offered by the nonmovant should not be considered. *See id.* When a defendant does not receive notice, however, reviewing courts have dispensed with the second element of *Craddock* for constitutional reasons. *See B. Gregg Price*, 661 S.W.3d at 424 (citing *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005)). "When the defaulting party fails to appear due to a lack of proper notice, the

subsequent judgment is constitutionally infirm." *B. Gregg Price*, 661 S.W.3d at 424 (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84(1988)). The meritorious defense element of *Craddock* is not required under those circumstances. *See Mathis*, 166 S.W.3d at 744.

Moreover, a default judgment cannot withstand a direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements. *Master Cap. Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App.—El Paso 2015, no pet.) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). When reviewing the propriety of a default judgment, we do not indulge any presumptions in favor of proper issuance, service, and return of citation. *Id*. (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)). Instead, the prevailing party bears the burden to prove service of process was proper. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). If the record fails to show strict compliance with the applicable requirements relating to the issuance, service, and return of citation, the attempted service of process is invalid and of no effect. *Wilson*, 800 S.W.2d at 836.

## ANALYSIS

In his second and third issues, Quoc argues he was never served with the lawsuit, and he did not authorize any attorney to file an answer on his behalf. As a result, Quoc contends the trial court did not have personal jurisdiction over him, and his rights to due process were therefore violated.

### A. Service and Attorney Authorization

Allright does not dispute that Quoc was not served with citation of the lawsuit, and the record supports this fact. Allright argues, nonetheless, Quoc made a general appearance in the case after the law firm filed an answer on his and his brother's behalf. Under rule of civil procedure 121, "[a]n answer shall constitute an appearance of the defendant so as to dispense with the

necessity for the issuance or service of citation upon him." TEX. R. CIV. P. 121; *see In re A.L.H.*, 515 S.W.3d 60, 87 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("Filing an answer constitutes a general appearance, thereby dispensing with the need for the issuance and service of citation and waiving any complaints about service.").

Quoc maintains, however, that he never hired or authorized the law firm to file any pleadings for him. It is well established that an attorney appearing for a party is presumed to be duly authorized to do so, and this presumption will prevail until it has been conclusively shown by competent evidence that the attorney was not authorized to appear for the party. *In re Fitzgerald*, 429 S.W.3d 886, 892 (Tex. App.—Tyler 2014, orig. proceeding); *West v. City Nat'l Bank of Birmingham*, 597 S.W.2d 461, 463 (Tex. App.—Beaumont 1980, no writ); *Hidalgo Cnty. Drainage Dist. No. 1 v. Magnolia Petroleum Co.*, 47 S.W.2d 875, 876 (Tex. App.—San Antonio 1932, writ ref'd). The attorney-client relationship is one of agency, and the general rule is that the attorney's acts are attributable to and binding on the client. *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 567–68 (Tex. 1962); *In re Guardianship of Patlan*, 350 S.W.3d 189, 197 (Tex. App.—San Antonio 2011, no pet.) ("[T]he actions of an attorney, as his client's agent, necessarily binds the client."). However, the longstanding rule in Texas is that a party is not bound by the acts of an attorney if the party successfully rebuts this presumption and establishes the attorney was not authorized to act on its behalf. *See Merritt v. Clow*, 2 Tex. 582, 588 (1847); *Levy v. Roper*, 230 S.W. 514, 516 (Tex. App.—San Antonio 1921), *modified*, 256 S.W. 251 (Tex. 1923). "Evidence is conclusive only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Generally, the testimony of an interested witness, though not contradicted, does no more than raise a fact issue to be determined by the fact finder. *See Ragsdale v. Progressive Voters*

*League*, 801 S.W.2d 880, 882 (Tex. 1990). An exception applies when the testimony is not contradicted by any other witness or attendant circumstances, is clear, direct, and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion on the testimony. *Id*. When this exception applies, the testimony is taken as true as a matter of law. *Id*. Nevertheless, uncontradicted testimony does not necessarily preclude a holding that a fact issue exists when, for example, circumstances shown in the record tend to discredit or impeach the testimony of the interested witness. *See id*. (citing *Anchor Cas. Co. v. Bowers*, 393 S.W.2d 168, 169–70 (Tex. 1965)).

In his verified motion for new trial and attached affidavit, Quoc attests he did not hire the law firm to represent him or authorize any attorney to act on his behalf. Quoc also attached an affidavit from his brother Trim, who also attested that he did not hire the law firm or sign a contract for the law firm to represent Quoc. However, Quoc also attached to his motion for new trial the December 12, 2022 letter he received from the law firm informing him that counsel was seeking to withdraw as his legal counsel. The letter also noted the dates Quoc had been sued by Allright regarding the rental home he owned in San Antonio and when the firm filed an answer on his behalf. The letter concluded with the firm requesting Quoc to contact it within seven days' of receipt of the letter or the firm would file its motion to withdraw as his counsel.

Moreover, according to the record, the law firm filed its original motion to withdraw on February 24, 2023, wherein the law firm contended the withdrawal was necessary because of an extensive breakdown in the attorney-client relationship and multiple ongoing issues with effectively communicating with Trim. The motion also indicated neither Quoc nor Trim had objected to the law firm's withdrawal. The law firm filed an amended and second amended motion to withdraw as Quoc's and Trim's counsel arguing the same issues as in its original motion but

provided additional details about the law firm notifying Quoc and Trim of the motion. All three motions notified Quoc of the March 27, 2023 trial setting. After the law firm filed the Federal Express delivery confirmations of the motion to withdraw to Quoc and Trim, as referred to in the law firm's second amended motion to withdraw, the trial court granted the law firm's motion to withdraw.

Allright filed its response to Quoc's motion for new trial on July 5, 2023, while the trial court maintained plenary power. Allright attached excerpts from the hearing transcript on counsel's motion to withdraw and additional proof that Quoc received the firm's December 12, 2022 intent-to-withdraw letter. Notably, Allright referred to excerpts from the hearing setting forth counsel's explanation to the trial court that she had personally spoken with Quoc on the phone and through email regarding the case. The attorney explained that, although she had not spoken with Quoc since the law firm sent the letter of its intent to withdraw, Quoc had notice of the trial setting on March 27, 2023.

Days before the trial court's plenary power expired, Quoc filed a reply to Allright's response to his motion for new trial. Quoc's reply, however, did not present additional argument or evidence.

While it is true that Allright did not provide affidavit testimony to directly controvert Quoc's and Trim's affidavits, Quoc and Trim are interested witnesses. Trim was previously a named defendant who dealt with Allright regarding the repairs of the house and with the law firm. Also, after Allright filed its mechanic's lien, Quoc transferred the house to Trim. As such, interested testimony does nothing more than raise a fact issue unless the trial court finds it is true as a matter of law because it is clear, direct, positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion on it. *See Ragsdale*, 801 S.W.2d at 882. Counsel's

representations to the court contradicted both Quoc's and Trim's testimony. Specifically, Allright provided excerpts from the hearing transcript containing counsel's assertions that she had personally spoken with Quoc on the phone and communicated with him by email.

The record also shows circumstances that tend to cast suspicion on Quoc's and Trim's affidavit testimony. For example, Quoc admitted he received the law firm's letter several months prior to the trial date informing him of the law firm's intent to withdraw from representing him, noting he had been sued and the law firm had filed an answer on his behalf. The letter specifically stated for him to contact the law firm, yet the record does not show he contacted anyone. The record further demonstrates Quoc was notified of the hearing on the law firm's motion to withdraw that also notified him of the March 27, 2023 trial setting.

These circumstances support the trial court's conclusion that Quoc's and Trim's interested testimony was not true as a matter of law because they were not free from contradiction and the circumstances cast suspicion on them. Quoc failed to establish that the trial court could have reached only one decision in assessing the accuracy and truthfulness of his testimony. *See Ragsdale*, 801 S.W.2d at 882; *see also City of Keller*, 168 S.W.3d at 816. Thus, the trial court reasonably could have determined that Quoc failed to rebut the presumption in favor of counsel's authority to file an answer on Quoc's behalf. *See Dolgencorp*, 288 S.W.3d at 926; *see also Fitzgerald*, 429 S.W.3d at 892; *West*, 597 S.W.2d at 463; *Magnolia Petroleum*, 47 S.W.2d at 876.

B. *Craddock Elements*

Because we have determined that Quoc made a general appearance when counsel filed an answer on his behalf, Quoc must prove all three *Craddock* elements. *See Craddock*, 133 S.W.2d at 126; *see also B. Gregg Price*, 661 S.W.3d at 424.

First, we note Quoc did not raise the *Craddock* elements in his motion for new trial. *See Tex. Underground Utils., Inc. v. Sw. Bell Tel. Co.*, No. 01-19-00814-CV, 2021 WL 3356847, at *3 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, pet. denied) (mem. op.) ("To successfully challenge a default judgment, the defaulting party must allege the three *Craddock* requirements and support them with sworn proof."); *Polignone v. Bulldog Chemicals, LLC*, No. 01-16-00633-CV, 2018 WL 4128002, at *4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) ("[T]o prevail on a motion for new trial under *Craddock*, the defaulting party must (1) allege facts and attach affidavits to a verified motion to set aside the default judgment or motion for new trial that would meet the three *Craddock* requirements or (2) present evidence at the hearing on its motion that meets those requirements."); *see also Gammill v. Fettner*, 297 S.W.3d 792, 802 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding defendant's failure to raise *Craddock* argument in motion for new trial waives argument for review).

Quoc's notice of the March 27, 2023 trial setting calls into question whether he could establish the first *Craddock* element that his failure to appear was not intentional. Additionally, Quoc failed to address the second *Craddock* element, a meritorious defense; rather he claimed on appeal he was not required to do so because he was not served with citation. *See B. Gregg Price*, 661 S.W.3d at 424; *see also Mathis*, 166 S.W.3d at 744. However, because Quoc failed to rebut the presumption counsel had authority to file an answer on his behalf, Quoc made a general appearance, and therefore waived the citation requirement. Without addressing the second *Craddock* element, Quoc failed to show he is entitled to a new trial. *See B. Gregg Price*, 661 S.W.3d at 424; *see also Pursley v. Jeffry*, No. 07-99-0169-CV, 2000 WL 19336, at *4 (Tex. App.—Amarillo Jan. 13, 2000, no pet.) (mem. op.) ("If [appellant] had merely alleged she had a meritorious defense, that would be inadequate to meet the second prong of the *Craddock* test.")

(citing *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ("The motion [for new trial] must allege [f]acts which in law would constitute a defense to the cause of action asserted by the plaintiff[] and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.")).

Because Quoc failed to prove all three *Craddock* elements, the trial court did not abuse its discretion by denying Quoc's motion for new trial. *See Dolgencorp*, 288 S.W.3d at 926.

Quoc's second and third issues are overruled.

## CONCLUSION

Having overruled all of Quoc's issues, we affirm the trial court's final judgment.

Irene Rios, Justice